## Mary J. Sowers, Plff. in Err., *v.* Ellen Lowe et al.

The natural flow of water from a higher to a lower lot cannot, as a general rule, give a cause of action to one injured thereby.

Plaintiff and defendant owned adjacent lots. Plaintiff's house was close to the line; defendant's 32 feet from it. The intervening space was sandy, and sloped from defendant's house to plaintiff's. Plaintiff's cellar was always dry until defendant changed the spouting which had formerly discharged into the street the water from defendant's house, and turned the spouts upon the space between the houses. The water then percolated through the sand and plaintiff's cellar became damp and the house was damaged. *Held*, that plaintiff had no right of action against defendant for the damage thus caused.

(Argued February —, 1887. Decided February 28, 1887.)

January Term, 1886, No. 298, E. D. Error to the Common Pleas of Lycoming County to review a judgment of compulsory nonsuit in an action of trespass on the case. Affirmed.

NOTE.—But the rule is otherwise where there is a diversion by the upper proprietor from the natural course. Rhoads v. Davidheiser, 133 Pa. 226, 19 Am. St. Rep. 630, 19 Atl. 400; Hays v. Hinkleman, 68 Pa. 324; Miller v. Laubach, 47 Pa. 154, 86 Am. Dec. 521. As to what may be done with surface water, see the exhaustive discussion of the subject in Farnham on Waters, pp. 2571-2646; as to what may be done with roof water, see the same author at p. 2581.

The facts as they appeared at the trial before CUMMIN, P. J., were stated in his opinion, overruling a motion to take off the nonsuit, which was as follows:

This was an action to recover damages from the defendants for injuries done to plaintiff's real estate, by reason of the defendants having caused the surplus water from their land to flow on the land of the plaintiff.

When plaintiff closed her case the court directed a nonsuit to be entered, with leave to file a motion to take it off.

The parties to this suit own adjoining lots of land on the west side of Market street, between the P. & E. R. R. and Fourth street, in the city of Williamsport. The plaintiff showed this state of facts:

That the land naturally descended from the railroad to Fourth street; that her lot had a frontage of 26 feet, which was nearly all taken up with her dwelling house; that defendants owned the next lot above her, which was 52 feet in width; that defendants' house was on the upper part of their lot, leaving an open space on defendants' lot of about 32 feet between the houses of the plaintiff and defendants; that the ground about there is of a sandy character and naturally descends towards plaintiff's property; that previous to 1882 plaintiff's cellar had always been dry; that during that year the defendants changed the spouting on their house, which theretofore cast the rain water on the street, so that this water was thereafter cast upon this open space between the houses; that some time afterwards water was found in plaintiff's cellar after heavy rains, or in the spring when the snow and ice which had accumulated on this open space would melt; that in 1884, at the request of the plaintiff, the defendants changed their spouting so that the water from their roofs was discharged into the back part of their lot; that afterwards the water continued to come into plaintiff's cellar; that the water came into plaintiff's cellar along the bottom of the foundation walls of her house, or about 1 foot above the bottom of the walls; that plaintiff had, at considerable expense, endeavored in many ways to prevent the water from coming into her cellar, but found it impossible to do so; that plaintiff's dwelling house was damaged, etc.

The theory of plaintiff's counsel was that shortly after the water was permitted to flow from the spouts on this open space it soaked into the ground and worked underground channels into the plaintiff's cellar, and that when the spouts were turned in

another direction the rainfall and the melted snow and ice on the open space found its way into these underground channels and thence into the plaintiff's cellar.

On the trial I was of opinion that the evidence did not disclose any unlawful act done by the defendants to the injury of the plaintiff; and after a more careful examination of the evidence in this case and the law on this subject, I find no reason to change my mind.

The assignment of error specified the action of the court in overruling the motion to take off the nonsuit.

*H. T. Ames* and *T. H. Hammond,* for plaintiff in error.— A motion for nonsuit is equivalent to a demurrer to evidence. Act of 1874, § 1 (P. L. p. 6) ; Purdon's Digest, p. 2054, pl. 12.

A demurrer admits not only the facts stated in evidence, but also every conclusion which the jury might reasonably and fairly infer therefrom. McKowen v. McDonald, 43 Pa. 441, 82 Am. Dec. 576.

The doctrine of dominant and servient tenements, as applied to agricultural lands, extends to city lots. Where several owners of house lots on which houses have been erected, divide them into separate estates, each parcel must take care of the surface water which gathers upon it, without its flowing from the one to the other. Bentz v. Armstrong, 8 Watts & S. 40, 42 Am. Dec. 265.

An adjoining lot owner has no right to turn upon the adjoining lot the water which falls upon his lot in rain, or which arises from a spring. Each lot owner must so regulate and grade his own lot that the water that falls or accumulates upon it shall not run upon the lot of his neighbor. Ibid. ; Kauffman v. Griesemer, 26 Pa. 407, 67 Am. Dec. 437.

The defendants had no right to add to the amount which naturally fell on their lot by turning their roof spouts from the street onto their lot and thus increasing the quantity of water. Kauffman v. Griesemer, 26 Pa. 407, 67 Am. Dec. 437; Martin v. Riddle, 26 Pa. 415.

A defendant who collects the water from his own land and turns it upon the lands of the plaintiff through an artificial channel made by the defendant is liable to the plaintiff for damages thereby caused. Miller v. Laubach, 47 Pa. 154, 86 Am. Dec. 521; Hays v. Hinkleman, 68 Pa. 324.

It makes no difference in the application of this principle, whether a man digs a ditch and thus throws onto his neighbor's lot water which he has not previously received; or whether one turns eave troughs so as to discharge on his neighbor's lot water which otherwise would not flow there.

The plaintiff is not precluded from recovering because the water accumulated and stood next to plaintiff's house in the depression and soaked or percolated through the soil into the cellar. The gist of the plaintiff's right is the nonfeasance of the defendants. The defendants have no right to permit the accumulation of the water; and if they do, they become responsible for all the consequences of their unlawful act.

In Cooper v. Barber, 3 Taunt. 99, it was held that where A had immemorially had, for watering his land, a channel through his own field, in a porous field, through the banks of which channel, when filled, the water percolated, and thence passed through the contiguous soil of B, below the surface without producing visible injury, and B built a new house on his land below the level of his soil in the current of the percolating water, A could not justify filling his channel with water if the percolating water thereby injured the house of B.

In Curtis v. Eastern R. Co. 98 Mass. 428, the railroad company in constructing its road bed had uncovered certain springs of water. To drain the water from these springs, it carried the water under its track, and dug a ditch into the banks, from which the water percolated onto the land of the plaintiff, for which injury he brought suit; and it was held that he could recover, because the defendant had no right to accumulate the water at a point where it would not naturally have gone.

The principle is settled by common-law authorities that if one places water spouts near the plaintiff's land, so that afterwards the water runs thereon, the defendant is liable for the damages caused thereby. 3 Bl. Com. 216; 1 Chitty, Pl. p. 139; 2 Chitty, Pl. 778; Kauffman v. Griesemer, 26 Pa. 407, 67 Am. Dec. 437; Adams v. Walker, 34 Conn. 466, 91 Am. Dec. 742; White v. Chapin, 12 Allen, 516.

*H. S. McCormick* and *S. T. McCormick,* for defendants in error.—Where there is no water course by grant or prescription, and no stipulation between conterminous proprietors of land concerning the mode in which respective parcels shall be kept

and improved, no right to regulate or control the surface drainage water can be asserted by the owner of one lot over that of his neighbor. The owner of land may occupy it in such manner or for such purpose as he sees fit, either by changing the surface, or by the erection of buildings or other structures thereon; and this right is not restricted or modified by the fact that his own land is so situated in reference to that of adjoining owners that the alterations in the mode of its improvement or occupation, in any portion of it, will cause water which may accumulate thereon by rains or snows falling on its surface or flowing on it from the surface of adjacent lots, either to stand in unusual quantities on other adjacent lands, or pass into and over the same in greater quantities or in other directions than they are accustomed to flow. Washb. Easements, ed. 1885, pp. 311, 489, 503.

In Vanderwiele v. Taylor, 65 N. Y. 341, the parties owned adjoining lots. Defendant's land descended towards plaintiff's so that the surface water flowed from the former to the latter. Plaintiff built upon his land, the wall of the building being upon the line between the lots; this dammed up the surface water, which soaked through the wall into the cellar of the building. Defendant had done nothing on his lot to interfere with the natural flow of the water. There was a sewer in the street adjoining the lots. In the action to recover for the damages caused by the water it was held that the defendant was not bound to drain his lot or connect it with a sewer, and that plaintiff could not recover.

No legal right of any kind can be claimed *jure naturæ*, in the flow of surface water, so that neither its retention, diversion, nor repulsion is an actionable injury, even though damage ensue. Bowlsby v. Speer, 31 N. J. L. 351, 86 Am. Dec. 216.

Where two fields adjoin, but one is lower than the other, the lower must necessarily be subject to the natural flow of water from the upper one. The inconvenience arises from its position and is usually compensated by other circumstances. Martin v. Riddle, 26 Pa. 415.

No action can be maintained for changing the course or obstructing the flow of mere surface water by erections on adjoining land. It makes no difference in the application of this rule that land is naturally wet and swampy. The conterminous proprietor may change the situation or surface of his land by raising or filling it to a higher grade, by the construction of dikes

and erection of structures, and by other improvements which cause water to accumulate from natural causes on adjacent lands and prevent it from passing off from the surface. Such consequences are the necessary result of the lawful appropriation of land, whatever may be its nature; and although they may cause detriment and loss to others, it is *damnum absque injuria* and forms no ground of action. Dickinson v. Worcester, 7 Allen, 19; Parks v. Newburyport, 10 Gray, 28; Flagg v. Worcester, 13 Gray, 601.

A municipal corporation is not liable in damages for raising the grade of a street and obstructing the flow of surface water from adjacent higher land. Hoyt v. Hudson, 27 Wis. 656, 9 Am. Rep. 473.

An injury caused to a subterranean supply of water by the lawful acts of the owner of the land, resulting in damage to his neighbor, is *damnum absque injuria*. Lybe's Appeal, 106 Pa. 626, 51 Am. Rep. 542; Wheatley v. Baugh, 25 Pa. 528, 64 Am. Dec. 721; Haldeman v. Bruckhart, 45 Pa. 514, 84 Am. Dec. 511.

PER CURIAM:

The evidence of the plaintiff shows that she has no legal cause of action against the defendants. The natural flow of water, from a higher onto a lower lot, cannot as a general rule give a cause of action to one injured thereby. There is nothing proved in this case to take it out of the general rule. There was no error in directing a nonsuit on the unquestioned evidence of the plaintiff.

Judgment affirmed.