[No. 40364-1-II.   Division Two.   August 5, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD DUAINE ENQUIST, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Kathleen Proctor, Andrew Asplund*, and *Karen Judy, Deputies*, for respondent.

¶1 JOHANSON, J. — After a bench trial, the trial court found Gerald Enquist guilty of one count of failing to register as a sex offender. He appeals, arguing that the transient sex offender registration statute violates ex post facto principles and his right to travel. We hold that the transient sex offender registration requirements are a legitimate and necessary aid to law enforcement, are not unduly burdensome, and do not unconstitutionally limit transient sex offenders' right to travel. In addition, we reject Enquist's statement of additional grounds arguments that the transient sex offender requirements violate his civil rights. We affirm.

## FACTS

¶2 The parties stipulated to the following facts at trial. In 1976, Enquist was convicted of two counts of robbery and two counts of first degree rape. He served 30 years for these offenses. Before his release on April 26, 2007, Enquist received notice of the sex offender registration requirements. Enquist also stipulated that he was either transient or at a fixed residence during the applicable violation period and that he knowingly failed to register between April 27, 2007, and June 16, 2009.

¶3 In addition, Enquist testified as follows. He did not register because he did not believe the registration requirements applied to him because he had already served the statutory maximum for his crimes and he was sentenced before the Sentencing Reform Act and the sex offender registration statute were passed. He lost the only job he had found since his release (picking up rental cars left in other states) because the registration requirements for transient offenders required him to report to the sheriff in person

each week. Enquist admitted on cross-examination that he was "speculat[ing]" when he testified that the registration requirements would interfere with his ability to hold the job. Verbatim Report of Proceedings (VRP) at 21. Enquist also argued that under other statutes he was entitled to the restoration of all his civil rights, including the rights to privacy and to travel. He claimed that former RCW 9A.44.130 (2006)[1] violated those rights and therefore the statute did not apply to him.

¶4 The trial court found Enquist guilty of failing to register as a sex offender. He appeals.

## ANALYSIS

### I. Ex Post Facto

¶5 Enquist argues that the sex offender registration statute violates the ex post facto clauses of the United States and Washington Constitutions because the statute retroactively imposes punishment by requiring people without a fixed residence to report weekly, in person, to the county sheriff's office. We disagree.

¶6 We review constitutional issues de novo. *State v. Langstead*, 155 Wn. App. 448, 452, 228 P.3d 799, *review denied*, 170 Wn.2d 1009 (2010). The party challenging a statute has the burden of proving that it is unconstitutional beyond a reasonable doubt. *State v. Heckel*, 143 Wn.2d 824, 832, 24 P.3d 404, *cert. denied*, 534 U.S. 997 (2001); *see also State v. Rice*, 159 Wn. App. 545, 561 n.10, 246 P.3d 234

---

[1] The parties cite the 2010 version of RCW 9A.44.130. But the range of Enquist's date of crime was April 27, 2007 through June 16, 2009 and, thus, the 2010 version of the criminal statute does not apply. The legislature amended only one provision of RCW 9A.44.130 during Enquist's date of crime range, changing the offense from a class C felony to a class B felony. Laws of 2008, ch. 230, § 1. But this felony classification change did not take effect until 90 days after sine die of the 2010 legislative session, nor is the felony classification of the offense relevant to the issues on appeal. Laws of 2008, ch. 230, § 5. Accordingly, we cite to the 2006 version of RCW 9A.44.130 and highlight recent changes to the registration requirements in clarifying footnotes.

(discussing the meaning and application of the beyond a reasonable doubt standard in challenges to the constitutionality of a statute after *Sch. Dists.' Alliance for Adequate Funding of Special Educ. v. State*, 170 Wn.2d 599, 244 P.3d 1 (2010), *petition for review filed*, No. 85893-4 (Wash. Apr. 19, 2011)).

¶7 The ex post facto clauses of the United States and Washington Constitutions forbid the State from enacting any law that imposes punishment for an act that was not punishable when committed or that inflicts a greater punishment than could have been imposed at the time the crime was committed. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). The ex post facto analysis is essentially the same in Washington as under the federal constitution. *See State v. Edwards*, 104 Wn.2d 63, 70, 701 P.2d 508 (1985) (citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798)). A law violates ex post facto principles if it (1) is substantive, rather than merely procedural; (2) is retrospective, applying to events that occurred before the law's enactment; and (3) disadvantages the person affected by it. *Ward*, 123 Wn.2d at 498. A law "disadvantages" a defendant only if it enhances the punishment that existed under the prior law. *Ward*, 123 Wn.2d at 498.

¶8 In Washington, a convicted sex offender must register at the time of his or her release and again within 24 hours of release at the sheriff's office in the county of his or her residence. Former RCW 9A.44.130(1)(a), (4)(a)(i).[2] If a registrant has a fixed residence, he or she must provide his or her (1) name, (2) complete residential address, (3) date and place of birth, (4) place of employment, (5) crime for which convicted, (6) date and place of conviction, (7) aliases used, (8) Social Security number, (9) photograph, and (10) fingerprints. Former RCW 9A.44.130(3)(a). But if the registrant lacks a fixed residence, he or she must provide where he or

---

[2] The legislature first enacted the sex offender registration statute in 1990, and added the transient offender registration requirements in 1999. LAWS OF 1990, ch. 3, § 402; LAWS OF 1999, 1st Spec. Sess., ch. 6, § 2.

she plans to stay instead of a complete residential address. Former RCW 9A.44.130(3)(b).

¶9 A registrant with a fixed residence must provide written notice of his or her intracounty address change within 72 hours of a move. Former RCW 9A.44.130(5)(a). If a registrant with a fixed residence moves to another county, he or she must (1) provide written notice to the new county's sheriff at least 14 days before moving, (2) register with the new county sheriff within 24 hours of moving, and (3) provide written notice to the county sheriff with whom he or she formerly registered within 10 days of moving. Former RCW 9A.44.130(5)(a).

¶10 In contrast, a registrant who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. Former RCW 9A.44.130(6)(b). The county sheriff's office shall specify the day on which an offender makes a weekly report, and the report shall occur during normal business hours. Former RCW 9A.44-.130(6)(b). The county sheriff's office can also require a registrant to keep an accurate accounting of where he or she stays during the week and provide it upon request. Former RCW 9A.44.130(6)(b).[3] An offender who lacks a fixed residence, leaves the county in which he or she is registered, and enters and remains in a new county for more than 24 hours must register with the new county's sheriff within 24 hours[4] after entering the new county. Former RCW 9A.44.130(4)(a)(vii).

¶11 Our Supreme Court rejected a general argument that RCW 9A.44.130 violates the ex post facto clause in *Ward*.[5] There, our Supreme Court presumed that the registration statute was substantive rather than procedural

---

[3] Transient registrants are now statutorily required to keep these records and to provide them to the county sheriff if requested. LAWS OF 2010, ch. 265, § 1.

[4] The legislature recently amended the time allowed for transient offender registration to "within three business days" of entering and remaining in the new county. LAWS OF 2010, ch. 267, § 2.

[5] The *Ward* court reviewed former RCW 9A.44.130 (1991).

and, because the legislature enacted the statute after the defendants had committed their sex offenses, concluded the statute was retrospective. *Ward*, 123 Wn.2d at 498. But, after an exhaustive review, the *Ward* court held that the statute did not violate the ex post facto clause because the registration requirement did not constitute a punishment. *Ward*, 123 Wn.2d at 498-511. Our Supreme Court also noted the legislature's "unequivocal[ ]" statement of intent, when enacting the registration statute, as an expression of regulatory intent rather than a punitive one. *Ward*, 123 Wn.2d at 499 ("[T]he Legislature unequivocally stated that the State's policy is to 'assist local law enforcement agencies' efforts to protect their communities by *regulating* sex offenders by requiring sex offenders to register with local law enforcement agencies as provided in [RCW 9A.44-.130].'" (alteration in original) (quoting LAWS OF 1990, ch. 3, § 401)). Although *Ward* was decided before the legislature enacted the transient sex offender registration requirements, we see no reason to deviate from *Ward*'s analysis.

¶12 The *Ward* court relied on four characteristics of the registration statute to conclude that it was not punitive: (1) registration does not overly burden or restrain offenders because it requires that they provide limited information to law enforcement and it does not significantly limit their movement or activities; (2) registration has not been historically regarded as punishment; (3) registration is not primarily designed to deter future crime, which is a traditional purpose of punishment, it is designed to aid law enforcement agencies' efforts to protect communities by providing increased access to necessary and relevant information; and (4) registration is not excessive in relation to the important community interest served by having law enforcement know the presence and location of sex offenders in the community. *Ward*, 123 Wn.2d at 500-11. Sex offenders are free to move within their community or from one community to another, so long as they comply with the statute's registration requirements. *Ward*, 123 Wn.2d at 501.

¶13 Here, as presumed in *Ward*, the transient registrant requirements are substantive, not procedural. The transient registration requirements were enacted after Enquist's 1976 convictions and apply retroactively. LAWS OF 1999, 1st Spec. Sess., ch. 6; *Ward*, 123 Wn.2d at 498. But, for the reasons articulated in *Ward*, the transient registrant requirements are not punitive.

¶14 Here, because Enquist has no fixed address, unlike *Ward*, he must report once a week to the sheriff's office in the county in which he is then residing to confirm his presence in that county. While there, Enquist must also "fill out new paperwork" requiring him to account for where he stayed during the past week. VRP at 16-17. Although Enquist testified that weekly reporting was inconvenient, inconvenience alone does not make the statute punitive. Enquist has not demonstrated that the registration requirements constitute *punishment*. As the *Ward* court concluded, "[a]lthough a registrant may be burdened by registration, such burdens are an incident of the underlying conviction and are not punitive for purposes of ex post facto analysis." *Ward*, 123 Wn.2d at 510-11. We hold that Enquist failed to prove beyond a reasonable doubt that the transient registration provision violates the ex post facto clauses of the United States and Washington Constitutions.

## II. CONSTITUTIONAL RIGHT TO TRAVEL

¶15 Enquist next argues that the transient sex offender registration statute violates his constitutional right to travel. We disagree. The transient registration requirements are not unconstitutional on their face or as applied to Enquist.

¶16 We review statutory construction and constitutional challenges de novo. *City of Redmond v. Moore*, 151 Wn.2d 664, 668, 91 P.3d 875 (2004). An "as applied"

constitutional challenge occurs when a party contends that a statute's application in a specific context is unconstitutional. *Moore*, 151 Wn.2d at 668-69. If a statute is held unconstitutional as applied, it cannot be applied in the future in a similar context, but it is not rendered completely inoperative. *Moore*, 151 Wn.2d at 669. A statute is rendered completely inoperative if it is declared facially unconstitutional. *Moore*, 151 Wn.2d at 669. But a facial challenge must be rejected if there are any circumstances where the statute can be constitutionally applied. *Moore*, 151 Wn.2d at 669. At oral argument, Enquist contended that the transient registrant requirements were unconstitutional both facially and as applied.

¶17 The right to travel, which includes the right to travel within a state, is a fundamental right subject to strict scrutiny under the United States Constitution. *Kent v. Dulles*, 357 U.S. 116, 78 S. Ct. 1113, 2 L. Ed. 2d 1204 (1958); *City of Seattle v. McConahy*, 86 Wn. App. 557, 571, 937 P.2d 1133, *review denied*, 133 Wn.2d 1018 (1997). Where fundamental rights are involved, regulations limiting these rights may be justified only by a compelling state interest. *State v. Schimelpfenig*, 128 Wn. App. 224, 226, 115 P.3d 338 (2005) (citing *Shapiro v. Thompson*, 394 U.S. 618, 630-31, 634, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969), *overruled in part on other grounds by Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)). A state law implicates the right to travel when it actually deters such travel and where impeding the travel is its primary objective. *State v. Lee*, 135 Wn.2d 369, 389-90, 957 P.2d 741 (1998).

¶18 First, Enquist mischaracterizes the travel requirements of the registration statute. He is not required to return to his county of registration each week as he claims. Instead, a registrant who "lacks a fixed residence and leaves the county in which he or she is registered and enters and remains within a new county for twenty-four hours is required to register with the county sheriff not

more than twenty-four hours after entering the county." Former RCW 9A.44.130(4)(a)(vii). Thus, for instance, under the 2006 version of the registration requirements, if Enquist left King County and stayed in Spokane County for more than 24 hours, he must register with Spokane County's sheriff within 24 hours of his arrival. There is nothing in the registration statute that required Enquist to return each week to any specific county where he previously registered. Rather, he can register in the county in which he is then residing. The statute also permits a registrant to travel or move out of the state for work or educational purposes, if he or she timely registers with the new state and notifies the sheriff of the last Washington county in which he registered. Former RCW 9A.44.130(4)(a)(ix). The statute does not deter travel in the manner Enquist claims.

¶19 Further, impeding travel has never been RCW 9A.44.130's primary goal. The statute was enacted to "assist local law enforcement agencies' efforts to protect their communities by regulating sex offenders." LAWS OF 1990, ch. 3, § 401. Enquist's claims that the registration statutory scheme deters his travel are unfounded. We therefore hold that Enquist failed to demonstrate beyond a reasonable doubt that there is no set of facts under which former RCW 9A.44.130 is constitutional. The transient registration requirements are not facially invalid.

¶20 In addition, the registration statute, as applied to Enquist, does not violate Enquist's constitutional right to travel. Enquist claims that he lost a job because of the transient registration requirements, but the record does not support his claim. Law enforcement arrested Enquist when they found that he had been living in Pierce County and that he had not registered as a sex offender. Enquist had not yet tried to leave the state to travel. He stated that whether the registration requirements would interfere with his ability to hold the job was just a "speculation." VRP at 21. Enquist failed to show beyond a reasonable doubt that

the registration statute, as applied to him, interfered with his right to travel.

### III. STATEMENT OF ADDITIONAL GROUNDS

¶21 In his Statement of Additional Grounds, Enquist argues that former RCW 9.96.050 (2002) and former RCW 9.94A.637(4) (2004), which restore all civil rights to an offender except the right to bear arms, override the sex offender registration statute, RCW 9A.44.130. He claims that the registration statute interferes with his right to be left alone and his right to privacy. But our Supreme Court has already held that a convicted sex offender has no constitutional right to privacy in the information that RCW 9A.44.130 requires a sex offender to produce, because all of this same information can be obtained through alternative sources. *State v. Schmidt*, 143 Wn.2d 658, 684, 23 P.3d 462 (2001) (citing *Ward*, 123 Wn.2d at 501-02). The registration statute does not impair his constitutional right to privacy and this argument fails.

¶22 Enquist also argues that the rule of *expressio unius est exclusio alterius*[6] requires us to interpret the civil rights restoration statutes to hold that the legislature intended to withhold only the right to bear arms and no other civil rights. As we stated above, the sex offender registration statute does not violate Enquist's constitutional right to privacy or to travel. As such, there are no other civil rights at issue here.

¶23 Furthermore, we construe statutes such that no provision is rendered meaningless or superfluous. *State v. Hirschfelder*, 170 Wn.2d 536, 543, 242 P.3d 876 (2010). Reading the challenged statutes together, an offender who completes all sentence requirements may have his civil rights restored, even if he is still required to register. *See*

---

[6] *Expressio unius est exclusio alterius* is a statutory canon that means to express one thing in a statute implies the exclusion of another. *In re Det. of Meints*, 123 Wn. App. 99, 104, 96 P.3d 1004 (2004).

*State v. Gossage*, 165 Wn.2d 1, 8-9, 195 P.3d 525 (2008) (holding a superior court must issue a certificate of discharge where offender satisfied all sentencing requirements and legal financial obligations; however, inadequate briefing precluded review of whether offender was entitled to relief from registration requirements), *cert. denied*, 129 S. Ct. 2842 (2009). Enquist's reading would have us completely disregard the sex offender registration statute following the issuance of a certificate of discharge.

¶24 In addition, Enquist appears to repeat arguments surrounding the registration statute's effect on his right to travel. For the reasons stated above, these arguments fail.

¶25 Finally, Enquist argues that he did not receive sufficient notice of the registration requirements because the Department of Corrections notified him while he was in prison and he could not hear properly due to the heavy prison door and noise from other inmates. But Enquist stipulated at trial that he received notice before his release from prison on April 26, 2007. Accordingly, this argument fails.

¶26 Affirmed.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.