# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | No. 75228-6-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: May 22, 2017 |

SPEARMAN, J. — Under RCW 9A.44.130(3), registered sex offenders must provide notice to their county sheriff before travelling abroad. John Doe is a registered sex offender. He has not yet travelled or attempted to travel abroad under RCW 9A.44.130(3), but he brings an action to declare the provision unconstitutional on its face and as applied to him. To succeed in his facial challenge, Doe must show that no set of circumstances exists in which the statute can be constitutionally applied. As to his as-applied challenge, Doe is entitled to review only if he can show the necessary facts are fully developed and the issues presented are primarily legal. Doe's facial challenge fails because RCW 9A.44.130(3) can be applied constitutionally. His as-applied challenge is not ripe because Doe has not travelled or attempted to travel abroad under RCW 9A.44.130(3), therefore the facts necessary for review are undeveloped. We affirm the trial court's order dismissing Doe's complaint.

## FACTS

In 2011, John Doe pleaded guilty to two counts of communication with a minor for immoral purposes. As a result of his convictions, Doe must register as a sex offender until 2021.

Washington State recently amended its sex offender registration statute, RCW 9A.44.130.[1] The amended statute requires that all registered offenders intending to travel internationally give written notice of their trip to their local sheriff's office. Typically, offenders must give twenty-one days advance notice by certified mail. But for unexpected trips, emergencies, or routine trips for work-related purposes, offenders must submit written notice in person at least twenty-four hours before travelling with an explanation why advance notice was impractical. The statute also specifies the information that the offender must provide to the sheriff, who then passes the information to the U.S. Marshall:

> Any person required to register under this section who intends to travel outside the United States must provide, by certified mail, with return receipt requested, or in person, signed written notice of the plan to travel outside the country to the county sheriff of the county with whom the person is registered at least twenty-one days prior to travel. The notice shall include the following information: (a) Name; (b) passport number and country; (c) destination; (d) itinerary details including departure and return dates; (e) means of travel; and (f) purpose of travel. If the offender subsequently cancels or postpones travel outside the United States, the offender must notify the county sheriff not later than three days after cancellation or postponement of the intended travel outside the United States or on the departure date provided in the

---

[1] On May 14, 2015, the Governor signed Substitute Senate Bill 5154, which amended various elements of the sex offender registration system. SUBSTITUTE S.B. 5154, 64th Leg., Reg. Sess. (Wash 2015).

notification, whichever is earlier. The county sheriff shall notify the United States marshals service as soon as practicable after receipt of the notification. In cases of unexpected travel due to family or work emergencies, or for offenders who travel routinely across international borders for work-related purposes, the notice must be submitted in person at least twenty-four hours prior to travel to the sheriff of the county where such offenders are registered with a written explanation of the circumstances that make compliance with this subsection (3) impracticable.

Doe is a licensed electrical engineer in several states, including Washington, Alaska, and British Columbia. Since his conviction in 2011, he has declined opportunities for international travel. He declined a short notice business trip to Canada due to the inconvenience of notifying the sheriff of the trip in person. While in Arizona, he wanted to go on an impromptu shopping trip across the border to Mexico, but didn't do so because it would have required in-person notice to the King County sheriff.

On May 18, 2015, John Doe filed a complaint for declaratory judgment and injunctive relief, alleging that the RCW 9A.44.130(3) notice requirement is unconstitutional. Doe's request for injunctive relief was denied, and the State moved for summary judgment.[2] Doe then amended his complaint. On May 16, 2016, the trial court granted summary judgment, dismissing Doe's complaint and ruling that RCW 9A.44.130 (3) is constitutional.

## DISCUSSION

Doe argues that RCW 9A.44.130 (3) is unconstitutional under the Washington and United States Constitutions. He contends that it violates the

---

[2] Doe moved for discretionary review of the trial court's order denying his request for injunction. Commissioners of this court and of the Supreme Court denied his motions.

Fifth Amendment freedom to travel internationally, the right to privacy, procedural due process protections, and that it is void for vagueness. He also complains that it is an unlawful ex post facto punishment. Doe launches a facial attack on the constitutionality of RCW 9A.44.130(3), seeking a declaration that the provision is unenforceable. He also argues that RCW 9A.44.130(3) is unconstitutional as applied to him, even though he has not attempted to travel abroad since its enactment.

We review the constitutionality of a statute de novo. State v. Enquist, 163 Wn. App. 41, 45, 256 P.3d 1277 (2011). We presume that a statute is constitutional, and the party challenging it bears the burden of proving otherwise beyond a reasonable doubt. Didlake v. Washington State, 186 Wn. App. 417, 422–23, 345 P.3d 43, rev. denied, 184 Wn.2d 1009, 367 P.3d 667 (2015) (citing Morrison v. Dep't of Labor & Indus., 168 Wn. App. 269, 272, 277 P.3d 675 (2012)). To demonstrate that RCW 9A.44.130(3) is unconstitutional on its face, Doe must show that "no set of circumstances exists in which the statute, as currently written, can be constitutionally applied." City of Redmond v. Moore, 151 Wn.2d 664, 669, 91 P.3d 875 (2004) (citing In re Det. of Turay, 139 Wn.2d 379, 417 n.27, 986 P.2d 790 (1999)). A statute that is unconstitutional on its face is rendered "totally inoperative." Id. Facial challenges are disfavored.

> Claims of facial invalidity often rest on speculation... [They] also run contrary to the fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'

Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 450-51, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008) (quoting Ashwander v. TVA, 297 U.S. 288, 346-47, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring)). To demonstrate that RCW 9A.44.130(3) is unconstitutional as applied, Doe must show that "application of the statute in the specific context of the party's actions or intended actions is unconstitutional." Moore, 151 Wn.2d at 669 (citing Washington State Republican v. Washington State Pub. Disclosure Comm'n, 141 Wn.2d 245, 282 n.14, 4 P.3d 808 (2000). In contrast to a facially unconstitutional statute, a statute that is unconstitutional as applied prohibits only "future application of the statute in a similar context. . . ." Id.

To succeed on his facial challenge, Doe must show that there is no circumstance in which RCW 9A.44.130(3) may be applied constitutionally. Doe has not attempted to travel abroad, so his as-applied circumstances do not show whether the provision may be constitutionally applied. Therefore we consider hypothetical circumstances: a registered sex offender wishes to travel abroad in several months. He mails written notice of his travels to the county sheriff by certified mail more than twenty-one days before his departure. The sheriff receives the notice, which lists his name, passport number and country, destination, itinerary details including departure and return dates, and means and purpose of travel. This information is forwarded to the U.S. Marshall, who provides it to Interpol, which sends it to the destination country. The offender travels as planned.

5

Substantive Due Process Freedom of International Travel

Doe argues that RCW 9A.44.130(3) infringes his substantive due process freedom of international travel.[3] "The United States Supreme Court has explicitly stated foreign travel can be constitutionally limited." Katare v. Katare, 175 Wn.2d 23, 41, 283 P.3d 546 (2012) (citing Califano v. Aznavorian, 439 U.S. 170, 176, 99 S. Ct. 471, 58 L. Ed. 2d 435 (1978)). But we need not determine whether RCW 9A.44.130(3) is a permissible limitation on international travel. The provision does not, in every circumstance, limit an individual's freedom of international travel. In our hypothetical, the registered offender travels internationally. His freedom to travel internationally is not limited at all. Therefore, RCW 9A.44.130(3) does not violate substantive due process on its face.

Right to Privacy

Doe argues that RCW 9A.44.130(3) is unconstitutional because the requirement to share his travel plans is a disturbance of private affairs that is unlawful under article 1, section 7 of the state constitution. Sex offenders do not have a privacy right to the confidentiality of a significant amount of personal information. Their name, address, date and place of birth, place of employment, criminal history, date and place of conviction, aliases, and Social Security number may be disclosed to the sheriff and then to the public at large. In re

---

[3] Doe characterizes this as his Fifth Amendment right to travel. Because it is applied to State action, it actually implicates the Fourteenth Amendment. His primary argument is that a rational basis review of his claim is inappropriate and that we must apply intermediate scrutiny, under which he argues that he would prevail. But because we conclude that Doe's facial and as-applied claims do not meet the threshold requirements for review, we do not reach issues regarding the applicable level of scrutiny.

Meyer, 142 Wn.2d 608, 16 P.3d 563 (2001). In addition, sex offenders necessarily disclose travel when they notify the sheriff of a change of address. RCW 9A.44.130(5). These disclosure requirements implicate the right to travel and do not offend the right to privacy. Id.; Russell v. Gregoire, 124 F.3d 1079, 1094 (9th Cir.1997). Doe fails to explain how travel information such as an itinerary and passport number is subject to a greater right of privacy than an offender's residence, date of birth, and criminal history. Id. We disagree that travel information is subject to greater privacy protections than the personal information subject to disclosure under Meyer. RCW 9A.44.130(3) does not violate the right to privacy on its face.

Procedural Due Process

Doe makes a procedural due process challenge under article 1 section 3 of the state constitution and the Fifth Amendment to the federal constitution. He argues that due process requires an opportunity to demonstrate that he should be permitted to travel internationally without notice. The State does not respond to this argument. The Fourteenth Amendment to the U.S. Constitution prohibits the governmental deprivation of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Whether a protected liberty interest has been deprived is subject to the same analysis under the state and federal constitutions. Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 104, 937 P.2d 154 (1997). There is a liberty interest in international travel that cannot be deprived without procedural due process. Califano, 439 U.S. at 176. But our hypothetical

sex offender was not deprived of this liberty: he was able to travel abroad. Thus, RCW 9A.44.130(3) does not facially violate procedural due process protections because it can be applied without deprivation of a protected liberty interest.

Ex post facto

Doe claims that RCW 9A.44.130(3) violates state and federal constitutional prohibitions against ex post facto laws. The ex post facto clauses of the federal and state constitutions forbid the State from enacting any law that imposes punishment for an act that was not punishable when committed or increases the quantum of punishment annexed to the crime when it was committed. U.S. CONST. art. 1, § 10; CONST. art. 1, § 23. Washington courts have consistently held that because sex offender registration is not punishment, registration laws do not violate ex post facto prohibitions. State v. Ward, 123 Wn.2d 488, 504, 869 P.2d 1062 (1994); Enquist, 163 Wn. App. at 49.[4]

Doe fails to meaningfully distinguish Enquist and Ward by explaining how the requirement to provide notice of international travel is more punitive than the sex offender registry generally in Ward, or the transient offender requirements in Enquist. He argues that because community custody typically includes travel restrictions, and community custody is punitive, the international travel notice requirement is punishment. This argument is unpersuasive because the notice requirement is not a physical restraint on travel. He also argues that the international notice requirement tips the balance of the registration scheme into

_____

[4] Doe argues that this court should "revisit" Ward. The Supreme Court is the proper authority to decide whether Ward remains good law.

8

the territory of punishment. He fails to explain how the international travel notice requirement is more punitive than other provisions of the registration system that have been found to serve the non-punitive function of tracking the whereabouts of sex offenders.

## Void for Vagueness

Doe argues that RCW 9A.44.130(3) is void for vagueness. But vagueness challenges to laws that do not involve First Amendment rights are evaluated in light of the particular facts of each case. City of Spokane v. Douglass, 115 Wn.2d 171, 182, 795 P.2d 693 (1990) (citing Maynard v. Cartwright, 486 U.S. 356, 361, 108 S. Ct. 1853, 1857, 100 L. Ed. 2d 372 (1988)). Because there are no First Amendment concerns with RCW 9A.44.130(3), we do not review a facial vagueness challenge.

## Doe's as-applied challenge is not ripe

The State argues that Doe's as-applied argument fails because it is not ripe. "'Three requirements compose a claim fit for judicial determination: if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008) (quoting First United Methodist Church v. Hr'g Exam'r, 129 Wn.2d 238, 255-56, 916 P.2d 374 (1996)). The court must also consider "'the hardship to the parties of withholding court consideration.'" Id.

The State contends that Doe's as-applied claim is not ripe because further factual development is necessary. We agree. We also conclude that Doe has not

shown a sufficient risk of hardship if we refuse to review his claim at this time.
Doe has not yet given notice pursuant to the statute, or attempted to travel
internationally with or without giving notice. Thus, we know nothing about
whether and under what circumstances RCW 9A.44.130(3) prevents a sex
offender from travelling abroad, or the circumstances under which an offender is
punished for traveling abroad. In the absence of such facts, we are unable to
analyze Doe's constitutional challenges. Nor has Doe shown that the operation of
the statute significantly impedes his ability to travel abroad or otherwise imposes
a risk of hardship.

Doe cites Steffel v. Thompson, 415 U.S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d
505 (1974) to argue that his claim is ripe and reviewable. But in Steffel,
protesters faced the imminent threat of state criminal prosecution for their hand
billing outside a shopping center, which consequently deterred exercise of
constitutionally protected speech. Doe has not attempted to travel in or out of
compliance with RCW 9A.44.130(3), and he has not been threatened with
prosecution for failure to comply with the provision. Because there is no imminent
threat of state prosecution, this case is distinguishable from Steffel.

Doe's reliance on State v. Sanchez Valencia, 169 Wn.2d 782, 239 P.3d
1059 (2010) is also misplaced. There, petitioners, who had been convicted and
sentenced to prison for certain drug crimes, challenged the constitutionality of
certain conditions of supervision. Even though the petitioners were incarcerated,
and the conditions had yet to take effect, the court found the claim ripe for

No. 75228-6-I/11

review. The court concluded that if it declined to do so there was a significant risk of hardship to petitioners because upon release from confinement they would be subject to the conditions of release and thus, immediately subject to arrest for violation of those conditions. Doe claims only that before traveling abroad he will be required to provide certain information to the sheriff. To the extent this is a hardship, it is distinguishable from the hardship the supreme court found significant in Sanchez Valencia.

We reject Doe's facial challenge to RCW 9A.44.130(3) and conclude that his as-applied challenge is not ripe for review.

Affirmed.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 MAY 22 AM 10: 21

11