[No. 29711. Department Two. March 19, 1946.]

J. BAILEY MITCHELL, *Respondent,* v. OLIVE N. MITCHELL, *Appellant.*[1]

[1]Reported in 166 P. (2d) 938.

*Metzler, McCormick & Metzler,* for appellant.

*Roswell J. Quinn,* for respondent.

DRIVER, C. J.—Plaintiff husband brought this action for a divorce on the ground of adultery, and the defendant wife cross-complained for a divorce on the grounds of drunkenness and cruelty. Each of them asked for the custody of their six minor children, whose ages at the time of the trial were sixteen, fourteen, twelve, ten, six, and three years. A trial upon the merits resulted in an interlocutory order awarding a divorce to plaintiff and placing the children in his custody. Defendant has appealed.

Appellant makes no specific assignments of error, but in the "Statement of Questions" and in the body of her brief clearly points out several particulars in which she claims the trial court erred. Respondent, without making any motion regarding the matter, spells out appellant's contentions, refers to them as assignments of error, and discusses them in his brief. Under these circumstances, all appellant's contentions which have substantial merit will be considered notwithstanding her failure to comply strictly with the rules of this court with reference to assignments of error. *Chandler v. Cushing-Young Shingle Co.,* 13 Wash.

89, 42 Pac. 548; *State ex rel. Powell v. Fassett,* 69 Wash. 555, 125 Pac. 963; *Gunstone v. Walker,* 157 Wash. 475, 289 Pac. 53; *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516; *State ex rel. Rand v. Seattle,* 13 Wn. (2d) 107, 124 P. (2d) 207; *Department of Public Service ex rel. Anacortes Chamber of Commerce v. Shelton,* 23 Wn. (2d) 526, 161 P. (2d) 309.

Appellant's principal contention is that the trial court should not have awarded the custody of the minor children to respondent, but should have permitted them to remain with her. As she points out, this court has often announced the rule that children, particularly if they be of tender age, will not be taken from their mother unless it is clearly shown that she is an unfit and improper person to be entrusted with their custody. *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Phelps v. Phelps,* 2 Wn. (2d) 272, 97 P. (2d) 1080.

However, the foregoing rule should be considered in connection with a principle to which this court is also firmly committed; namely, that, in determining what should be done with reference to the custody of minor children in a divorce case, the welfare of the children is the paramount and controlling consideration. *In re Day,* 189 Wash. 368, 65 P. (2d) 1049; *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189; *Lichtenberg v. Lichtenberg,* 15 Wn. (2d) 226, 130 P. (2d) 371.

The trial court made the following findings of fact:

"That the defendant has been guilty of violating her marriage vows in that she has for a long time last past repeatedly kept company with various and other men than her husband in a lewd manner, has been guilty of infidelity; that on several occasions she has committed adultery with another man, but that the plaintiff in an effort to keep the home [intact] for the benefit of the children has endeavored to dissuade her from such conduct, but that despite such efforts the defendant again, on February 13, 1945, sought the company of [this] man, traveled with him about the country and conducted herself in a manner not becoming a lady, leaving her children at home to roam at will; . . . ."

■ In both the formal findings and its memorandum opinion, the trial court expressed the view that appellant was not a fit and proper person to have the custody of the minor children. It would serve no useful purpose to narrate or review the evidence. It is our conclusion from an examination of the entire record that the evidence supports the trial court's findings. Appellant in her testimony denied that she had been guilty of infidelity, but respondent's testimony as to her immoral conduct was substantially corroborated.

■ In a case such as this, where the custody of minor children is involved, the trial court's findings are given great weight and will not be disturbed unless an abuse of discretion patently appears. *Eliason v. Eliason*, 10 Wn. (2d) 719, 118 P. (2d) 170; *Taylor v. Taylor*, 14 Wn. (2d) 293, 126 P. (2d) 855.

It is clear there was no abuse of discretion on the part of the trial court in the present case.

■■ One of the exhibits in the case (plaintiff's exhibit A) is a document which, respondent testified, was in appellant's handwriting. Appellant testified, however, that she had not written it. The trial court asked appellant and respondent to give it specimens of their handwriting and, without objection of any kind, both complied. Appellant contends that, in taking and using these specimen writings, the court, in effect, improperly acted as an expert handwriting witness.

We do not think so. It was the function of the court to decide the factual question whether or not appellant had written the questioned document. In making that determination, it was proper for the court, as the trier of the facts, without the aid of an expert witness, to make a comparison of the disputed writing with a standard produced in court. 20 Am. Jur. 618, 619, § 742. The fact that appellant was directed by the court to furnish a specimen of her handwriting could not have been prejudicial to her, because there were in evidence at the time two admittedly genuine specimens of her handwriting (plaintiff's exhibits B and E).

■ Appellant also complains that the court abused its discretion in denying her motion for a new trial on the ground of newly discovered evidence.

The applicable rules are stated in *Morrow v. Morrow*, 179 Wash. 329, 37 P. (2d) 692, and quoted with approval in *Fritz v. Horsfall, ante* p. 14, 163 P. (2d) 148, as follows:

" 'To justify the granting of such a motion, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative or impeaching.' "

In the instant case, five affidavits were presented in support of the motion for a new trial. One of the affiants was a witness at the trial. The proffered evidence, for the most part, was either impeaching or cumulative, and was not such as would be likely to change the result if a new trial were granted. There was no showing that the evidence had been discovered since the trial, or that, by the exercise of due diligence, it could not have been discovered before the trial. The denial of the motion involved no abuse of discretion.

The judgment is affirmed.

BEALS, BLAKE, ROBINSON, and JEFFERS, JJ., concur.