# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46703-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| FRANK JUNIOR RUCKER, | |
| Appellant. | |

BJORGEN, A.C.J. — Frank Junior Rucker appeals his conviction for felony violation of a domestic violence no contact order. He argues that the State presented insufficient evidence that he knowingly made contact with the protected party. We disagree and affirm Rucker's conviction.

## FACTS

On May 29, 2014, Rucker was driving his van in Aberdeen with two passengers in the rear compartment, one of whom was Kelly Eidsmoe. At the time, a valid domestic violence no contact order prohibited Rucker from having contact with Eidsmoe. The rear compartment of

the van was partitioned from the front compartment by a thin bed sheet that partially obstructed the view. The van's rear and middle doors did not open, so the rear compartment was accessible only by the van's front doors.

A police officer attempted to stop Rucker's van after running the license plate and learning that an arrest warrant existed for the registered owner. The officer activated her squad car's emergency lights, but Rucker did not yield. The officer then activated her car's siren, but Rucker still did not yield. Eventually, however, Rucker stopped when he reached a dead end, and the officer approached.

When asked, Rucker told the officer that there were two people in the van. Rucker told the officer that his name was Michael Junior Park. He also said that he was born on August 16, 1954—nearly 60 years earlier, at that time—but that he was 47 years old. When the officer asked him if he owned the van, he said, "No. Frank is the owner." Report of Proceedings at 49. However, when the officer searched the van, she found Rucker's wallet, inside of which was identification showing his correct name and birth date.

A male passenger emerged from the back of the van, but Eidsmoe remained inside. Officers discovered Eidsmoe and questioned her. She told them her name, and they subsequently discovered the valid no contact order prohibiting Rucker from being within 500 feet of her. The officers then informed Rucker he was under arrest for violation of the order, to which he expressed no surprise.

The State charged Rucker with felony violation of a no contact order and making a false or misleading statement to a police officer. At trial, both officers present at the scene of Rucker's stop and arrest testified, as did Rucker himself. The jury found Rucker guilty of violating the no contact order but did not reach a verdict on the false statement charge.

Rucker now appeals his resulting conviction for felony violation of a domestic violence no contact order.

## ANALYSIS

Rucker argues that the State failed to produce sufficient evidence to support a finding beyond a reasonable doubt that Rucker knowingly violated the no contact order. We disagree.

Evidence is sufficient to support a criminal conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Homan,* 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In evaluating a sufficiency of the evidence claim, we assume the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. We defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Id.* In evaluating the sufficiency of the evidence, we consider circumstantial evidence as reliable as direct evidence. *State v. Smith,* 185 Wn. App. 945, 957, 344 P.3d 1244, *review denied,* 183 Wn.2d 1011 (2015).

To convict a defendant charged with violation of a no contact order, the State must prove beyond a reasonable doubt that (1) the defendant willfully contacted (2) a person protected by a valid no contact order, (3) with knowledge of the no contact order. RCW 10.99.050; *State v. Sisemore,* 114 Wn. App. 75, 78, 55 P.3d 1178 (2002). "A defendant acts willfully if he acts knowingly with respect to the material elements, including the contact element." *Sisemore,* 114

Wn. App. at 78. This is consistent with the "to convict" jury instruction given by the trial court for felony violation of a court order, requiring that the defendant knew of the order and knowingly violated a portion of it. A person acts knowingly if "he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense." RCW 9A.08.010(1)(b)(i). However, a person does not knowingly violate a contact prohibition in a situation in which the defendant "accidentally or inadvertently contacted [the protected party] but immediately broke it off." *Sisemore*, 114 Wn. App. at 78.

Assuming the truth of the State's evidence and viewing it in the light most favorable to the State, the evidence supports a finding beyond a reasonable doubt that Rucker knowingly violated the no contact order. Testimony established that Rucker initially failed to stop when the police attempted to pull him over, and then he attempted to conceal his identity when stopped by police. Similarly, Eidsmoe remained in the van during the stop, even though the other passenger exited. The jury reasonably could have inferred from this circumstantial evidence that both Rucker and Eidsmoe were aware that she was in his vehicle in violation of the no contact order, and were attempting to conceal Eidsmoe's presence and the violation from police. Moreover, the jury could have inferred Rucker's knowledge of Eidsmoe's presence from the evidence that Rucker was driving the van with at least partial visibility of the rear compartment in which Eidsmoe was found and that Eidsmoe could not have entered the van from behind the partition sheet. In the aggregate, sufficient evidence supported a finding that Rucker knowingly violated the order.

No. 46703-8-II

## CONCLUSION

We hold that sufficient evidence supported the jury's verdict. Accordingly, we affirm Rucker's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJØRGEN, A.C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.

5