# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49985-1-II |
| Respondent, | |
| v. | |
| AKEEN RAY HEYER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. – Akeen Ray Heyer appeals his third degree assault conviction, arguing the trial court erred by allowing hearsay testimony about the victim's alleged medical diagnosis and in admitting the victim's medical records.  Heyer also argues the trial court should have convicted him of the lesser degree offense of fourth degree assault instead of third degree assault based on the trial court's findings of fact.  Finally, Heyer seeks to have certain imposed legal financial obligations (LFOs) stricken.  We affirm, but we remand to the trial court to amend Heyer's judgment and sentence by striking the imposed criminal filing fee and the DNA collection fee.

## FACTS[1]

While at a car auction, Heyer and Anthony Jones bid on the same vehicle.  After Heyer won the auction, Jones made a comment that Heyer "could use his commissary money to buy the

---

[1] The factual background is taken primarily from the trial court's findings of fact, which are, with the exception of Finding of Fact VII, unchallenged and verities on appeal.  *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).

vehicle" in reference to Heyer's prior incarceration. Clerk's Papers (CP) at 20. "[W]ithout thinking," Heyer punched Jones in the face "once or twice." CP at 20.

The State charged Heyer with second degree assault. Heyer waived his right to a jury trial and proceeded to a bench trial.

During trial, Jones testified his glasses were broken and his nose would not stop bleeding. He went to the hospital for treatment. Jones testified that while at the hospital, they "referred me to a specialist because they saw a fracture." Verbatim Report of Proceedings (VRP) (January 23, 2017) at 74. Heyer objected based on hearsay. The trial court overruled his objection. Jones then testified, "There was a fracture. He said that the—that my air nasal passage was—." CP at 75. Heyer again objected and the trial court overruled his objection. Jones testified that he was told, "I needed corrective surgery to correct the nasal passage." VRP (January 23, 2017) at 75.

Later during trial, the State sought to admit Jones's hospital records. Defense counsel stated:

> I don't have any objection as it relates to the—to the fact that there are records and I didn't ask [the prosecutor]—in fact, told him he wouldn't have to bring in the records custodian to bring it in. But just seems to me without the testimony of the actual attending physician, that's my only issue.

VRP (January 23, 2017) at 112. The trial court admitted the records, stating, "I'm going to admit it over objection. . . . Defense has stipulated to not having the record custodian here to lay a foundation." VRP (January 23, 2017) at 113. Jones's medical records showed he had a right nasal fracture with swelling and tenderness. The emergency room doctor advised Jones to follow up with an ears, nose and throat specialist.

The trial court convicted Heyer of the lesser degree offense of third degree assault. In its oral ruling, the trial court stated, "I think he acted with criminal negligence and caused bodily harm accompanied by substantial pain that extended for a long period of time." VRP (January 23, 2017) at 151. The trial court entered findings of fact and conclusions of law, finding "[t]hat as a result of being struck, the victim suffered injuries to his face, including what was designate[d] as a 'minimally displaced right nasal bone fracture', without identifying what that means, medically. He [suffered] residual pain from being struck." CP at 20. The trial court concluded, "Based on the medical records and the testimony of the victim, the state has demonstrated that the victim suffered bodily injury, which is defined as 'physical pain or injury.' " CP at 21. The trial court also imposed a $200 criminal filing fee and a $100 DNA collection fee.

Heyer appeals.

## ANALYSIS

Heyer argues that the trial court erred in allowing hearsay testimony about Jones's diagnosis and in admitting Jones's medical records. Heyer also argues the trial court's findings of fact only establish fourth degree assault and not third degree assault. We accept the State's concession regarding hearsay testimony but find the error was harmless, and we disagree with Heyer's findings of fact argument.

A.  EVIDENTIARY RULINGS

1.  Standard of Review

Generally, we review a trial court's evidentiary ruling for an abuse of discretion. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). However, "[t]his court reviews whether a statement was hearsay de novo." *State v. Gonzalez-Gonzalez*, 193 Wn. App. 683, 688-89, 370

P.3d 989 (2016). An erroneous evidentiary ruling does not result in reversal unless the defendant was prejudiced. *State v. Thomas*, 150 Wn.2d 821, 871, 83 P.3d 970 (2004).

2.     Hearsay Testimony

Under ER 801(c), "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay generally is inadmissible under ER 802, but ER 803 provides several exceptions to that rule of inadmissibility. *State v. Alvarez-Abrego,* 154 Wn. App. 351, 366, 225 P.3d 396, *review denied*, 168 Wn.2d 1042 (2010).

ER 803(a)(4) provides a hearsay exception for "[s]tatements made *for purposes of* medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof *insofar as reasonably pertinent to diagnosis or treatment*." (Emphasis added) This exception applies to statements reasonably pertinent to medical diagnosis. *State v. Doerflinger*, 170 Wn. App. 650, 664, 285 P.3d 217 (2012), *review denied*, 177 Wn.2d 1009 (2013). Moreover, this exception "applies only to statements made by the patient to the doctor, not the reverse." *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985).

Here, the statements were from the victim regarding what a medical provider told the victim. This does not fall under the ER 803 exception. The State concedes that the trial court erred in admitting these statements. We accept the State's concession and turn to whether admitting these statements was harmless error.

For evidentiary errors not implicating a constitutional mandate, we reverse only if, " 'within reasonable probabilities, the outcome of the trial would have been materially affected

had the error not occurred.' " *Thomas*, 150 Wn.2d at 871 (quoting *State v. Tharp*, 96 Wn.2d 591, 599, 637 P.2d 961 (1981)). If the improperly admitted evidence is of minor significance in reference to the overall evidence, then the error is harmless. *Thomas*, 150 Wn.2d at 871.

Here, the improperly admitted testimony that Jones's nose was fractured was of minor significance in light of the medical records that were properly admitted. *See* discussion *infra* Section A.3. The medical records show that Jones had a broken nose and needed to follow up with a nose specialist. Thus, substantial evidence supports the trial court's finding that Jones suffered a " 'minimally displaced right nasal bone fracture' " and that he "suffers residual pain from being struck." CP at 20; s*ee State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244 (" 'Substantial evidence' is evidence sufficient to persuade a fair-minded, rational person that the findings are true."), *review denied*, 183 Wn.2d 1011 (2015) Since the outcome of the trial was not materially affected by allowing the hearsay testimony, the error was harmless.

3.      Medical Records

Medical records are admissible under RCW 5.45.020, the business records exception to the hearsay rule. RCW 5.45.020 "does not create an exception for the foundational requirements of identification and authentication." *State v. DeVries*, 149 Wn.2d 842, 847, 72 P.3d 748 (2003) (citing 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 803.42, at 23 (4th ed. 1999)). "RCW 5.45.020 does not require examination of the person who actually made the record." *State v. Iverson*, 126 Wn. App. 329, 337, 108 P.3d 799 (2005) (citing *Cantrill v. American Mail Line, Ltd*., 42 Wn.2d 590, 607-08, 257 P.2d 179 (1953)). Testimony by the custodian of the records "or other qualified witness" will be sufficient to properly introduce the record. RCW 5.45.020.

Here, when the State offered Jones's medical records, defense counsel stated:

I don't have any objection as it relates to the—to the fact that there are records and I didn't ask [the prosecutor]—in fact, told him he wouldn't have to bring in the records custodian to bring it in. But just seems to me without the testimony of the actual attending physician, that's my only issue.

VRP (January 23, 2017) at 112. The trial court allowed the records, stating, "Defense has stipulated to not having the record custodian here to lay a foundation." VRP (January 23, 2017) at 113. Heyer argues that he stipulated that the record custodian did not need to be called for foundational purposes but he did not stipulate to the treating physician being excused from testifying for foundational purposes. Heyer relies on the language in RCW 5.45.020, which states that the custodian "or other qualified witness" may testify. However, RCW 5.45.020 requires one or the other; not both. Once Heyer stipulated to the foundation of the records and that testimony from the records' custodian was unnecessary, the trial court had tenable grounds to admit the medical records, absent any other valid objection. Accordingly, the trial court did not abuse its discretion in admitting Jones's medical records.

Heyer argues, for the first time on appeal, that the trial court erred in admitting the medical records because the business records exception to the hearsay rule does not apply since the medical professionals "used skill and discretion." Br. of Appellant at 13. In general, we do not reach issues raised for the first time on appeal. RAP 2.5(a). Nevertheless, we note that under RCW 5.45.020, "[a] record of an act, condition, or event" is admissible under the business records exception to the hearsay rule. And, " 'A practicing physician's records, made in the regular course of business, properly identified and otherwise relevant, constitute competent evidence of a condition therein recorded.' " *State v. Ziegler*, 114 Wn.2d 533, 538-39, 789 P.2d 79 (1990) (quoting *State v. Sellers*,

39 Wn. App. 799, 806, 695 P.2d 1014, *review denied*, 103 Wn.2d 1036 (1985)). Therefore, because the records constitute evidence of a condition, they are admissible under the business records exception to the hearsay rule.

B.      LESSER DEGREE OFFENSE

Heyer next contends the trial court's findings of fact only support the lesser degree offense of fourth degree assault. We disagree.

Following a bench trial, trial courts are required to enter written findings of fact and conclusions of law. CrR 6.1(d). But if the trial court fails to enter sufficient findings and conclusions, it is harmless error if the trial court's oral ruling is sufficient to permit appellate review. *State v. Smith*, 145 Wn. App. 268, 274, 187 P.3d 768 (2008).

Under RCW 9A.36.031(1)(f), an individual is guilty of third degree assault if he or she, under circumstances not amounting to assault in the first or second degree, "[w]ith criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering."

Here, the trial court found "[t]hat as a result of being struck, the victim suffered injuries to his face, including what was designate[d] as a 'minimally displaced right nasal bone fracture', without identifying what that means, medically. He [suffered] residual pain from being struck." CP at 20. This finding of fact is ambiguous regarding whether the trial court found that there was substantial pain that extended for a period sufficient to cause considerable suffering. We, therefore, turn to the trial court's oral ruling for clarification. *Smith*, 145 Wn. App. at 274.

The trial court specifically stated in its oral ruling that Heyer "acted with criminal negligence and caused bodily harm accompanied by substantial pain that extended for a long

period of time." VRP (January 23, 2017) at 151. The trial court's oral ruling in conjunction with its written finding of fact support its ultimate conclusion that Heyer is guilty of third degree assault.

C.      LFOs

Heyer seeks to have the $200 criminal filing fee and the $100 DNA collection fee stricken from his judgment and sentence. The State concedes that the imposed criminal filing fee and DNA collection fee should be stricken. We accept the State's concession.

The legislature recently amended former RCW 36.18.020(2)(h), and as of June 7, 2018, trial courts are prohibited from imposing the $200 criminal filing fee on defendants who are indigent at the time of sentencing. Laws of 2018, ch. 269, §17; *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714, 722 (2018). Our Supreme Court has held that the amendment applies prospectively and is applicable to cases pending on direct review and not final when the amendment was enacted. *Ramirez*, 426 P.3d at 722. The legislature also recently amended former RCW 43.43.7541, and as of June 7, 2018, states, in part:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction.

Here, there is no dispute that Heyer is indigent and that his DNA has previously been collected. Therefore, in light of the recent legislative amendments and the court's holding in *Ramirez*, we remand to the trial court to amend Heyer's judgment and sentence by striking the imposed criminal filing fee and DNA collection fee.

CONCLUSION

We hold that the trial court did not commit reversible error in allowing the victim's hearsay statements. The trial court also properly admitted the victim's medical records. Lastly, the trial

court's oral ruling and written findings of fact support Heyer's third degree assault conviction. Accordingly, we affirm, but we remand for the trial court to amend Heyer's judgment and sentence by striking the imposed criminal filing fee and DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Worswick, J.