# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54084-3-II |
| Respondent, | |
| v. | |
| SAMUEL ADAM BEAM, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Samuel A. Beam appeals his conviction for harming a police dog, arguing that his conviction is not supported by sufficient evidence.  Because the evidence is sufficient to support Beam's conviction, we affirm.

## FACTS

On July 17, 2017, Beam was charged with five counts, including harming a police dog.[1] In October, Beam entered into a drug court contract.  In January 2019, Beam was terminated from drug court.

On January 22, 2019, the trial court held a bench trial on stipulated facts.  The police report contained the following facts relevant to the charge of harming a police dog:

> I push the suspect away from me so I create some distance in between us.  I called K9 Jaxx to me and I could see him coming around the vehicle.  At this time, I also see the driver exit the vehicle and start to approach me.  I yelled the command for my dog to come to me and he complied without issue.  I also yelled at the female to get back in the vehicle.  Once K9 Jaxx observed me fighting with the suspect he began to go to the suspect.  I gave K9 Jaxx the command to apprehend the suspect at this time while I was trying to get off the ground.

---

[1] The other four charges are not at issue in this appeal; therefore, we do not address the other four charges against Beam.

K9 Jaxx bit the suspect in the thigh area. I observe the suspect punch K9 Jaxx in the head and K9 Jaxx let go of the bite at this time. The suspect attempts to run away from me and the K9 but K9 Jaxx is able to reengage the suspect. K9 Jaxx bit the suspect on his jeans near his thigh. At this time, the suspect's pants fell down and K9 Jaxx bit him on his thigh near where the belt was at. I observe the suspect punch K9 Jaxx 4-5 times more with a closed fist but K9 Jaxx maintains contact with the suspect. K9 Jaxx takes the suspect to the ground but the suspect is still actively fighting with the K9. I give the suspect commands to stop fighting the dog and he then stated that, [sic] "I give up." I went and grabbed K9 Jaxx by the harness and outed him.

Clerk's Papers (CP) at 28. The trial court found,

On June 7, 2017, in Thurston County, Washington, the Defendant did intentionally and maliciously injure, disable, shot [sic], or killed [sic], by any means, any dog that the person knows or has reason to know to be a police dog.

CP at 20. The trial court concluded Beam was guilty of harming a police dog.

Beam appeals his conviction for harming a police dog.

ANALYSIS

Beam argues that there was not sufficient evidence to support his conviction for harming a police dog because there was no evidence that the police dog was injured by Beam's actions. Because there was sufficient evidence to support the trial court's finding that the police dog was injured, we disagree.

Evidence is sufficient to support a conviction if, after viewing the evidence and all reasonable inferences in a light most favorable to the State, a rational trier of fact could find each element of the crime proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). Our review of a claim of insufficient evidence arising from a bench trial is limited to whether substantial evidence supports the trial court's findings of fact and whether the findings support the conclusions of law. *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person that the findings are true." *State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244, *review*

*denied*, 183 Wn.2d 1011, 352 P.3d 187 (2015). Unchallenged findings of fact are verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). Credibility determinations are for the trier of fact and this court does not review credibility determinations on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). We review the trial court's conclusions of law de novo. *State v. Rawley*, 13 Wn. App. 2d 474, 478-79, 466 P.3d 784 (2020).

A person is guilty of harming a police dog if he "maliciously injures, disables, shoots, or kills by any means any . . . that the person knows or has reason to know to be a police dog[.]" RCW 9A.76.200(1). The term "injures" is not defined by statute. Therefore, we engage in statutory interpretation to determine whether there was substantial evidence supporting the trial court's finding that Beam injured the police dog. *State v. Sullivan*, 143 Wn.2d 162, 174-75, 19 P.3d 1012 (2001).

We review questions of statutory interpretation de novo. *State v. Weatherwax*, 188 Wn.2d 139, 148, 392 P.3d 1054 (2017). "Our 'fundamental objective . . . is to ascertain and carry out the legislature's intent.'" *Weatherwax*, 188 Wn.2d at 148 (alteration in original) (internal quotation marks omitted) (quoting *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010)). "We discern a statute's meaning 'from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" *Weatherwax*, 188 Wn.2d at 149 (quoting *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)). And we give nontechnical statutory terms their dictionary meaning. *State v. Kintz*, 169 Wn.2d 537, 547, 238 P.3d 470 (2010).

"[I]njure" is defined as "to give pain to." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1164 (def. 1c). The dictionary also notes that injure is synonymous with harm, which

"stresses the inflicting of pain, suffering, or loss." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1164.

Here, the evidence shows that Beam punched the police dog in the head, causing the dog to break its grip on Beam. The evidence also shows that Beam continued to punch the police dog in the head with a closed fist several more times thereafter. A reasonable inference can be drawn from this evidence that punching a police dog several times in the head with a closed fist and causing the police dog to release its grip caused pain to the dog. Thus, viewing the evidence and all reasonable inferences in the light most favorable to the State, a rational trier of fact could find that Beam injured the police dog. Therefore, the evidence was sufficient to support Beam's conviction for harming a police dog.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Veljacic, J.