IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83331-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | ORDER GRANTING MOTION |
| v. | ) | TO CORRECT SCRIVENER'S |
| | ) | ERROR AND WITHDRAWING |
| ROSKOE REGINA RYE, | ) | AND SUBSTITUTING OPINION |
| | ) | |
| Appellant. | ) | |

Respondent the State of Washington filed a motion to modify the opinion filed on January 31, 2022 in the above case. The State moves to correct a scrivener's error in lines 13 and 15 of the full paragraph on page 4 of the unpublished opinion. Specifically, the State asks us to remove two incorrect references to the defendant's name and replace them with the victim's initials. The panel agrees with the State. We have determined that the error should be corrected, and the opinion filed on January 31, 2022 should be withdrawn and a substitute opinion filed. Now, therefore, it is hereby

ORDERED that the State's motion to correct the scrivener's error is granted; it is hereby further

No. 83331-6-I/2

ORDERED that the opinion filed on January 31, 2022 shall be withdrawn and a substitute opinion shall be filed.

Brennan, J

Mann, C.J.                    Appelwick, J.

2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83331-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROSKOE REGINA RYE, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — The trial court convicted Roskoe Regina Rye of domestic violence (DV) third degree assault of her daughter, R.L.P., and entered a DV no-contact order (DVNCO) prohibiting contact between Rye and R.L.P. for five years. Rye contends that insufficient evidence supports the DV third degree assault conviction and that the trial court erred by entering the DVNCO without adequate consideration of Rye's fundamental right to parent R.L.P. We affirm Rye's conviction but vacate the DVNCO and remand to the trial court to consider whether it is reasonably necessary.

FACTS

The State charged Rye with DV assault in the second degree by strangulation following a December 25, 2019 incident involving Rye and her 13-year-old daughter, R.L.P.[1] The case proceeded to a bench trial, and the court

---

[1] The State also charged Rye with DV assault of R.L.P. in the fourth degree based on an incident a day earlier. The court convicted Rye as charged on that count. That conviction is not at issue on appeal.

Citations and pin cites are based on the Westlaw online version of the cited material.

made the following unchallenged findings, which are verities on appeal:[2]

> 1.11 On or about December 25, 2019, R.L.P. and [Rye] got into an[ ] altercation.
>
> 1.12 During the altercation on or about December 25, 2019, [Rye] grabbed R.L.P. in the upper chest and neck area, and then shoved her backwards into a wall in [Rye]'s house.
>
> 1.13 When the back of R.L.P.'s head contacted the wall, it made a hole in the drywall.
>
> 1.14 [Rye]'s version of the events were not credible. . . .
>
> 1.15 R.L.P. suffered from headaches for several weeks after her mother shoved her head into the wall.

The trial court concluded that the evidence was insufficient to find Rye guilty as charged of second degree assault by strangulation. But the court determined that "[t]he facts in the present case allow the Court to consider the lesser-included crime[ ] of Assault in the Third Degree (RCW 9A.36.031(1)(f))"[3] and found Rye guilty of that crime. At sentencing, the court entered a DVNCO prohibiting Rye from contacting R.L.P. for five years. Rye appeals.

ANALYSIS

Sufficiency of the Evidence

Rye contends that insufficient evidence supports the conviction of DV assault in the third degree. We disagree.

Due process requires the State to prove each element of a charged crime beyond a reasonable doubt. State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507

---

[2] State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

[3] RCW 9A.36.031(1)(f) provides:

A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree . . . [w]ith criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering.

The trial court's determination that an assault under RCW 9A.36.031(1)(f) is a lesser included offense to second degree assault by strangulation is not at issue in this appeal.

(2017) (citing U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3).

> When reviewing the sufficiency of evidence in support of a conviction following a bench trial, we determine whether substantial evidence supports the challenged findings of fact and whether the findings support the trial court's conclusions of law.

State v. Smith, 185 Wn. App. 945, 956, 344 P.3d 1244 (2015). We examine the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences from it. Salinas, 119 Wn.2d at 201. Our review is de novo, but it is "highly deferential" to the factfinder's decision. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016); State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). We "defer to the [factfinder] on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence," and we "consider circumstantial and direct evidence equally reliable." State v. Loos, 14 Wn. App. 2d 748, 765-66, 473 P.3d 1229 (2020).

To support Rye's conviction of assault in the third degree, the State had to prove that Rye negligently caused "bodily harm," which includes "physical pain." RCW 9A.36.031(1)(f); RCW 9A.04.110(4)(a). The State also had to prove that the bodily harm was "accompanied by substantial pain," meaning pain that does not " 'merely hav[e] some existence' " but is " 'considerable in amount, value, or worth.' " RCW 9A.36.031(1)(f); Loos, 14 Wn. App. 2d at 766 (quoting State v. McKague, 172 Wn.2d 802, 806, 262 P.3d 1225 (2011)). And the State had to

prove that the substantial pain "extend[ed] for a period sufficient to cause considerable suffering." RCW 9A.36.031(1)(f).

Here, the State presented substantial evidence to support the trial court's findings that Rye "grabbed R.L.P. in the upper chest and neck area, and then shoved her backwards into a wall," and that "[w]hen the back of R.L.P.'s head contacted the wall, it made a hole in the drywall." It is reasonable to infer from the nature of the assault that R.L.P. experienced physical pain and, thus, bodily harm when her mother grabbed and shoved her with enough force that R.L.P.'s head made a hole in the drywall. Additionally, R.L.P. testified that she experienced headaches after the assault and that her father sought medical attention for her headaches. It is reasonable to infer from this testimony that R.L.P. experienced pain in her head that did not merely exist, but was considerable and therefore substantial. Cf. Loos, 14 Wn. App. 2d at 768, 755, 767 (sustaining sufficiency challenge with no evidence of any ongoing pain and the child-victim's parents sought no medical treatment). R.L.P. also testified that her headaches not only persisted, but continued until the following March. This testimony supports a finding that R.L.P.'s substantial pain extended for a period sufficient to cause considerable suffering. Cf. State v. Saunders, 132 Wn. App. 592, 600, 132 P.3d 743 (2006) (rational trier of fact could conclude that facial swelling and an abrasion, together with neck pain lasting for more than three hours, constituted substantial pain extending for a period sufficient to cause considerable suffering). Viewing the evidence in the light most favorable to the State, Rye's sufficiency challenge fails.

## DVNCO

Rye argues that we must vacate the DVNCO and remand because the trial

court failed to consider adequately Rye's fundamental right to parent R.L.P.[4]  We agree.

A trial court may impose crime-related prohibitions as sentencing conditions. RCW 9.94A.505(9); State v. Torres, 198 Wn. App. 685, 689, 393 P.3d 894 (2017). But "[c]onditions interfering with fundamental rights, such as the right to a parent-child relationship, must be 'sensitively imposed' so they are 'reasonably necessary to accomplish the essential needs of the State and public order.' " Torres, 198 Wn. App. at 689 (quoting In re Pers. Restraint Petition of Rainey, 168 Wn.2d 367, 374, 229 P.3d 686 (2010)).

> While the trial court certainly can impose a no-contact order to advance the State's fundamental interests in protecting children, it must do so in a nuanced manner that is sensitive to the changing needs and interests of the parent and child.

Torres, 198 Wn. App. at 689-90.

Here, the trial court imposed a five-year DVNCO that prohibited all contact between Rye and R.L.P.  The court did not acknowledge Rye's fundamental right to parent R.L.P. or explain why a five-year prohibition on any contact, including contact "through others, by phone, mail, or electronic means," was reasonably necessary to further the State's interests.  This was error.  See Torres, 198 Wn. App. at 690 (remanding for reconsideration of a no-contact order between parent and child where the trial court's decision to impose the order "was not guided by the analysis required by our case law").

The State "acknowledges the trial court did not articulate its reasoning when

---

[4] Rye did not object to the DVNCO below.  But the State does not argue that Rye's failure to object bars our review.

it imposed the five year no-contact order" yet suggests we can infer the court's reasoning from the record. But "[i]t is the trial court's duty to balance the competing interests impacted by a no-contact order," and "[t]his is a fact intensive exercise that must, at first instance, be done in the trial court, not the appellate court." Torres, 198 Wn. App. at 690. As a result, we vacate the DVNCO and remand to the trial court to reconsider it. See Rainey, 168 Wn.2d at 381-82 ("strik[ing]" no-contact order between parent and child and remanding where there was no indication that the sentencing court applied the "fact-specific . . . 'reasonably necessary' standard"). On remand, the court must (1) address whether the DVNCO "remains reasonably necessary in light of the State's interests in protecting" R.L.P. from harm, (2) narrowly tailor the order, "both in terms of scope and duration," and (3) consider less restrictive alternatives to prohibiting all forms of contact between Rye and R.L.P. Torres, 198 Wn. App. at 690.

We affirm Rye's DV third degree assault conviction but vacate the DVNCO and remand for further proceedings consistent with this opinion.

Brennan, J

WE CONCUR:

Mann, C.J.                    Appelwick, J.

6