195 P.3d 525 (2008)
STATE of Washington, Respondent,
v.
Henry GOSSAGE, Petitioner.
No. 80310-02.
Supreme Court of Washington, En Banc.
Argued September 9, 2008.
Decided November 13, 2008.
*526 Lila Jane Silverstein, Washington Appellate Project, Seattle, for Petitioner.
James Morrissey Whisman, Ann Marie Summers, King County Prosecutor's Office, Seattle, for Respondent.
OWENS, J.
¶ 1 Petitioner Henry Gossage, a convicted felon, served his sentence, completed community custody, and paid part of his restitution obligation. This case requires us to consider whether Gossage is entitled to a certificate of discharge even though he did not pay his restitution obligations in full. The Court of Appeals held that Gossage was not entitled to a certificate of discharge, even though his restitution order expired 10 years after his release.
¶ 2 We reverse the Court of Appeals and hold that, under the plain language of RCW 9.94A.760(4), Gossage's legal financial obligations (LFOs) expired 10 years after he was released from confinement. As a result, Gossage has no outstanding sentencing requirements and is entitled to a certificate of discharge.

FACTS
¶ 3 In 1992, Gossage pleaded guilty to four felony sex offenses, all committed against his adopted daughter. At sentencing on May 29, 1992, the trial court ordered Gossage to pay a $100.00 victim's assessment, $85.50 in court costs, and restitution in an amount to be determined.
¶ 4 On August 31, 1992, the court set the restitution in the amount of $2,374.88. Nearly four years later, Gossage moved to strike the restitution order as untimely. The court denied the motion, stating that Gossage's petition was untimely under CrR 7.8. Gossage appealed and the Court of Appeals affirmed the trial court in an unpublished opinion. State v. Gossage, noted at 92 Wash.App. 1039, 1998 WL 694639 (1998). We denied review. State v. Gossage, 138 Wash.2d 1002, 984 P.2d 1034 (1999).
¶ 5 Gossage completed his term of imprisonment in June 1995 and was transferred to community custody. His terms of community custody required him to pay a minimum of $20.00 per month toward his LFOs (restitution, costs, and fees).
¶ 6 On November 4, 2003, the Department of Corrections released Gossage from community supervision. At that time, Gossage had paid $990.50 of his LFOs, meaning that he had paid only about half of his $20.00 per month requirement. See Suppl. Br. of Resp't at 3 n. 1. Gossage had also accrued $2,541.10 in interest, bringing his LFO total to $4,020.98.
¶ 7 A federal administrative law case shows that Gossage sought employment in his former occupation as an industrial hygienist with the federal Occupational Safety and Health Administration, but the Office of Personnel Management deemed him ineligible for employment in part because of his outstanding restitution obligation. Gossage v. Office of Personnel Mgmt., 163 F.Appx. 909, 912, 2006 WL 172219 (Fed.Cir.2006).
¶ 8 In December 2005, Gossage filed a pro se "Petition for: Certificate of Rehabilitation-Discharge, Restoration of Civil Rights, Relief from Firearms Disability, and Relief from Registration" in the King County Superior Court. Clerk's Papers at 20. He asserted that he had satisfied all the requirements of his sentence. He submitted evidence that he had not been convicted of any additional offenses and that he had registered as a level one sex offender as required. *527 At that time, the no-contact order from his criminal judgment had also expired. The trial court denied his petition.
¶ 9 Gossage appealed. On appeal, the State argued that the trial court's order was not appealable as a matter of right. The Court of Appeals held that it was appealable as a matter of right but affirmed the trial court's denial of Gossage's petition. State v. Gossage, 138 Wash.App. 298, 301, 156 P.3d 951 (2007).
¶ 10 Gossage filed a pro se petition for review in this court. The State did not respond. We granted review on April 1, 2008. State v. Gossage, 163 Wash.2d 1011, 180 P.3d 1290 (2008).

ISSUES
¶ 11 (1) Should this court review the Court of Appeals decision that the trial court's order was appealable as a matter of right?
¶ 12 (2) Did the Court of Appeals err in affirming the trial court decision denying Gossage a certificate of discharge under RCW 9.94A.637?
¶ 13 (3) Should this court review Gossage's arguments regarding sex offender registration and firearm disability?
¶ 14 (4) May Gossage challenge the validity of his original restitution order?

ANALYSIS
¶ 15 Appealability. This court will review only issues raised in "the petition for review and the answer, unless the Supreme Court orders otherwise." RAP 13.7(b); see also State v. Korum, 157 Wash.2d 614, 624-25, 141 P.3d 13 (2006) (declining to consider an issue not raised by the State in the argument section of its answer). The State failed to file an answer or a cross petition raising the issue of whether the trial court's decision was appealable as a matter of right. See State's Resp. to Mot. to Strike at 3. Therefore, this issue is not properly before us and we decline to address it.
¶ 16 Certificate of Discharge. A certificate of discharge restores an offender's civil rights. RCW 9.94A.637(4). The court will issue a certificate of discharge when an offender has completed all of his sentence requirements, including any LFOs. RCW 9.94A.637(1)(a). It is undisputed that Gossage completed all of his sentence requirements except for paying the restitution order, which he only partially paid. Gossage argues that he no longer has an outstanding LFO because the restitution order expired. He points to RCW 9.94A.760(4), which states, in pertinent part:
Independent of the department or the county clerk, the party or entity to whom the legal financial obligation is owed shall have the authority to use any other remedies available to the party or entity to collect the legal financial obligation. These remedies include enforcement in the same manner as a judgment in a civil action by the party or entity to whom the legal financial obligation is owed.... [L]egal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of legal financial obligations including crime victims' assessments.
¶ 17 The plain language of the statute dictates that LFOs from pre-July 2000 offenses expire after the 10-year limitation period. The statute states that the LFOs may be enforced during the 10-year period. It goes on to say that the superior court may extend the criminal judgment for another 10-year period if it does so before the initial 10 years elapse. These two sentences combine to mean that if the court does not extend the criminal judgment, the judgment expires and the LFOs are unenforceable.
¶ 18 The State asserts that expiration of the limitation period in RCW 9.94A.760(4) does not entirely extinguish the restitution obligation because it may still be enforced in a civil action. The language of the statute belies this assertion. Though it says that the party to whom an LFO is owed may enforce *528 the obligation through a civil action, it continues by plainly stating that the LFO "may be enforced" only during the limitation period.[1]
¶ 19 Because the language of RCW 9.94A.760 is plain, courts must effectuate it, even if it evinces policy choices that we consider to be ill-advised. Even assuming for argument's sake that the statute is ambiguous, the court should not proceed directly to policy reasoning, but should first look to the legislative history of the statute to discern and effectuate legislative intent. See In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995). The legislative history outlined below demonstrates that the legislature struggled for years with the very policy problem the Court of Appeals identified. Lawmakers amended the statute in 2000 to address the problem, but that fix does not apply to the time period in which Gossage committed his offenses. See Laws of 2000, ch. 226, §§ 3, 4. We must respect that policy choice.
¶ 20 The legislature has grappled with the very issue the Court of Appeals pointed out in its opinion: that the limitations period might discourage payment and defeat the punitive and restorative purposes of the obligation. H.B. REP. on Substitute S.B. 6336, 56th Leg., Reg. Sess. (Wash.2000) (summarizing testimony in favor of bill as: "It is very important to the rights of crime victims that offenders continue to be held accountable for the results of their actions. Offenders should be required to pay for whatever length of time it takes them to pay it off."). The legislature then corrected that problem by extending the court's jurisdiction for the lifetime of the offender or until all LFOs are satisfied. However, it chose to do so for offenses committed only from July 1, 2000, forward. See Laws of 2000, ch. 226, §§ 3, 4. As a corollary, the legislature left the limitation period for offenses committed before July 1, 2000, unchanged. See id.
¶ 21 Accordingly, LFOs for pre-July 2000 offenses expire and become void after 10 years unless the superior court extends them for another 10 years prior to the expiration of the first period. Gossage committed his offense before July 2000, and the court did not extend the limitation period. Thus, Gossage no longer has any LFOs.
¶ 22 Under the discharge statute, the superior court is required to issue a certificate of discharge if an offender satisfies all sentencing requirements and LFOs. RCW 9.94A.637. It is undisputed that Gossage satisfied his sentencing requirements, and we conclude that he has no remaining LFOs. The superior court must issue Gossage a certificate of discharge.
¶ 23 Sex Offender Registration and Firearm Disability. Gossage asserted in his petition for review that he is entitled to restoration of his firearm rights and a hearing as to whether the court should relieve him of the sex offender registration requirement. However, his petition for review and his supplemental brief both lack analysis supporting this assertion. "Absent argument and authority, review is not proper." Sintra, Inc. v. City of Seattle, 131 Wash.2d 640, 663, 935 P.2d 555 (1997). Therefore, we do not address these issues.
¶ 24 Validity of Restitution Order. Gossage argues that his original restitution order was invalid because the court issued it beyond the 60-day limit in former RCW 9.94A.142 (1989). In 1996, almost four years after the entry of the restitution order, Gossage brought a motion to strike the restitution under CrR 7.8(b). The trial court denied the motion on the grounds that it was not timely under RCW 10.73.090, which time limits motions under CrR 7.8 to one year after the judgment. The Court of Appeals *529 affirmed, Gossage, noted at 92 Wash.App. 1039, 1998 WL 694639 and we denied review, Gossage, 138 Wash.2d 1002, 984 P.2d 1034.
¶ 25 An issue decided on a prior appeal in the same matter is the law of the case, and the issue may not be reconsidered on a subsequent appeal unless the first decision was clearly erroneous and will result in manifest injustice. State v. Clark, 143 Wash.2d 731, 745, 24 P.3d 1006 (2001). The 1998 Court of Appeals decision was not clearly erroneous. Gossage may not challenge the validity of the original restitution order on the same grounds as an earlier appeal. We affirm the Court of Appeals as to this issue.

CONCLUSION
¶ 26 We hold that Gossage's LFOs have expired. As a result, he has no remaining sentence requirements and he is entitled to a certificate of discharge. We reverse the Court of Appeals on this issue and remand the matter to the trial court for entry of an order granting a certificate of discharge.
¶ 27 WE CONCUR: GERRY L. ALEXANDER, C.J., and CHARLES W. JOHNSON, BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, MARY E. FAIRHURST, JAMES M. JOHNSON and DEBRA L. STEPHENS, JJ.
NOTES
[1] In the current version of RCW 9.94A.760(4), the two sentences are separated by several other sentences, added later to address method of payment and the specifics of child rape restitution. See Laws of 1995, ch. 231, § 3; Laws of 1997, ch. 52, § 3. In the statute as originally passed, the two sentences were consecutive and their meaning is clear: "All legal financial obligations that are ordered as a result of a conviction for a felony, may also be enforced in the same manner as a judgment in a civil action by the party or entity to whom the legal financial obligation is owed. These obligations may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period is longer." Laws of 1989, ch. 252, § 3(2).