# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48504-4-II |
| Respondent, | |
| v. | |
| JAMIN LEE SCHIPPER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jamin Lee Schipper appeals his convictions for second degree robbery with a deadly weapon sentence enhancement and misdemeanor harassment. Schipper argues that the prosecutor committed misconduct during the State's closing and rebuttal arguments by (1) vouching for the credibility of the State's witnesses; (2) appealing to the passions and prejudices of the jury; and (3) trivializing the State's burden of proof. We disagree and affirm.

## FACTS

### A. INCIDENT

On August 10, 2015, Schipper went into a grocery store in Lakewood, Washington. Schipper grabbed a mini keg and some beer and walked out without paying. A store clerk told him to stop, but Schipper proceeded into the parking lot. The clerk, other employees, and two customers followed Schipper outside.

In the parking lot, the clerk asked Schipper to return the items. Schipper responded by swinging the keg at her head. The clerk stepped back and the keg nearly hit her. Schipper then told the clerk that he had a gun and that he was going to kill her. The clerk and other employees

went back inside the store. Police were called and Schipper was later arrested down the street. The State charged Schipper with first degree robbery with a deadly weapon sentencing enhancement and felony harassment.

B.    TRIAL

At trial, the clerk, one of the other employees, and the two customers testified to the events outlined above. Schipper admitted to taking the beer without paying, intending to steal it, but denied confronting the clerk in the parking lot.

During closing arguments, the prosecutor argued that:

[Schipper] did what he did because he wanted to keep the beer and he wanted to use violence in order to keep it. It's that simple. Now, you know that from all those witnesses.

What does the defendant have to say about that? I didn't do any of that other than steal the beer. I went out the door. I ran across the parking lot, and I hid and the cops were there like that. That's his version of it. Now, if you want to believe his version of it, that's fine. What that means is he's guilty of theft third. Okay. If you believe his version. There is not a person in this room that's going to believe that. You heard it from too many witnesses. They were credible witnesses.

. . . .

. . . They are not here with an ax to grind against anybody.

3 Verbatim Report of Proceedings (VRP) at 313-14. Shipper objected to this argument and the trial court struck the prosecutor's "opinion of credibility of the witnesses." 3 VRP at 314. The prosecutor then argued:

All right. I'm—okay. Just to be clear, I'm not expressing my opinion. I'm expressing what you're going to find. You will find, based upon what they said from that witness stand, from their demeanor, from what they said, how they delivered it to you, that they are credible. And if you do, you're going to believe what they had to say. If you believe what they had to say, then that's what happened.

No. 48504-4-II

3 VRP at 314-15.

During the State's rebuttal argument, the prosecutor argued:

Two concepts that I give every jury that I think are more helpful to them than anything else that I say. Number one is team work. You're a team. You may not think of it that way yet, but by the time you're done, you're going to realize, because you came in here with a goal, and every one of you came in here with the same goal, and that's to do justice. There's not a person in this room who doesn't want to do justice. That's why you're here.

3 VRP at 348. Schipper objected to this argument and the trial court sustained. The prosecutor then said, "All right. You're here to do justice." 3 VRP at 349. Schipper objected again and the trial court sustained again. The prosecutor then clarified:

Within the confines of the jury instructions, you're in a search to try to figure out what happened and how it applies to the jury instructions so you can come up with the right verdict. Everyone else is here to do the same thing. When you're doing that, it means that your fellow jurors have the same goal that you do. So in doing that, you'll have opinions about what you think you saw or heard from the witness stand, and so will your fellow jurors. If you have a difference of opinion, listen to what they have to say.

3 VRP at 349.

Later in the State's rebuttal, the prosecutor read the jury instruction for reasonable doubt, which mirrored Washington Pattern Jury Instruction 4.01, presented argument on the standard, and said that "it's a difficult concept. But let me suggest to you, if you believe something in your heart, in your gut, in your mind, you're there." 3 VRP at 351; *see* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL, 4.01, at 27 (3d ed. Supp. 2014). Once again, Schipper objected. The trial court responded by saying that "the jury should follow the instructions." 3 VRP at 352. The prosecutor continued:

3

So that's my suggestion on how you approach it. You can approach it whatever way you want, but that's my suggestion on how you try to deal with that particular issue.

3 VRP at 352. The prosecutor then ended his rebuttal argument by saying:

I suggest that, in trying to determine whether [Schipper is] guilty and what he's guilty of, you really focus on what he did that day. You heard that from one person after another. You know now what he did. That does not mean he's necessarily guilty. You have to take those facts, those actions, and match them up to the jury instructions. If the State has proven each and every element beyond a reasonable doubt, then the verdict is guilty and that's basically the bottom, end-line result of how you reach a fair verdict.

3 VRP at 352.

The jury found Schipper guilty of the lesser offenses of second degree robbery with a deadly weapon sentence enhancement and misdemeanor harassment. CP at 10, 13, 15. Schipper appeals. CP at 85.

ANALYSIS

Schipper argues that the prosecutor committed misconduct during the State's closing and rebuttal arguments. We disagree.

A.    LEGAL PRINCIPLES

To prevail on a claim of prosecutorial misconduct, a defendant must establish that the prosecutor's conduct was improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). We first determine whether the prosecutor's conduct was improper. *Id.* at 759. Any allegedly improper statements are reviewed in the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions. *State v. Dhaliwal*, 150 Wn.2d 559, 578, 79 P.3d 432 (2003). A prosecutor has wide latitude to make arguments and may draw reasonable inferences from the evidence. *State v. Fisher*, 165 Wn.2d

727, 747, 202 P.3d 937 (2009). If the prosecutor's conduct was improper, the question turns to whether the misconduct resulted in prejudice. *Emery*, 174 Wn.2d at 760.

Prejudice is established by showing a substantial likelihood that such misconduct affected the verdict. *Id.* To analyze prejudice, we look at the comments "in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury." *State v. Warren*, 165 Wn.2d 17, 28, 195 P.3d 940 (2008), *cert. denied*, 556 U.S. 1192 (2009). The jury is presumed to follow the trial court's instructions. *State v. Anderson*, 153 Wn. App. 417, 428, 220 P.3d 1273 (2009), *review denied*, 170 Wn.2d 1002 (2010).

B.      VOUCHING FOR WITNESS CREDIBILITY

Schipper argues that the prosecutor committed misconduct by vouching for the credibility of the State's witnesses. Schipper's argument fails.

Whether a witness testified truthfully is for the jury to determine. *State v. Ish*, 170 Wn.2d 189, 196, 241 P.3d 389 (2010). A prosecutor commits misconduct by personally vouching for a witness's credibility or veracity. *Id.* "Improper vouching generally occurs (1) if the prosecutor expresses his or her personal belief as to the veracity of the witness or (2) if the prosecutor indicates that evidence not presented at trial supports the witness's testimony." *Id.* However, a prosecutor "has wide latitude in closing argument to draw reasonable inferences from the evidence and may freely comment on witness credibility based on the evidence." *State v. Lewis*, 156 Wn. App. 230, 240, 233 P.3d 891 (2010). Closing argument does not constitute improper vouching unless it is clear that the prosecutor is not arguing an inference from the evidence, but instead is expressing a personal opinion on credibility. *Warren*, 165 Wn.2d at 30.

Here, during closing arguments, the prosecutor stated, "You heard it from too many witnesses. They were credible witnesses." "They are not here with an ax to grind against anybody." 3 VRP at 314. After Schipper objected, the trial court struck the prosecutor's statement on the credibility of the witnesses. Thus, while the prosecutor's statement may appear to be an expression of personal opinion on the credibility of the witnesses, the trial court struck the comment.

Also, after the trial court struck the prosecutor's "credibility" comment, the prosecutor followed up by saying, "I'm not expressing my opinion. I'm expressing what you're going to find," and that based on the evidence and the delivery of testimony, the jury would find that the witnesses were credible. 3 VRP at 314. In making these statements, the prosecutor did not express his personal opinion on the credibility of the witnesses, but instead, was making a comment on their credibility based on the evidence—similar testimony was provided by four witnesses about the confrontation between Schipper and the store clerk in the parking lot. *Lewis*, 156 Wn. App. at 240. Therefore, in light of the trial court's instruction striking the comment and viewing the prosecutor's arguments in the context of the entire argument, we hold that the prosecutor did not commit misconduct.

C.      APPEALING TO PASSIONS AND PREJUDICES OF THE JURY

Schipper argues that the prosecutor committed misconduct by appealing to the passions and prejudices of the jury by saying the jury was there to "*do justice*." Br. of Appellant at 9. We disagree.

Prosecutors may not make appeals to the passions and prejudices of the jury. *State v. Sullivan*, 196 Wn. App. 277, 294, 383 P.3d 574 (2016), *review denied*, 187 Wn.2d 1023 (2017).

And it is improper for the State to ask the jury to convict based on their emotions, rather than the evidence. *State v. Fuller*, 169 Wn. App. 797, 821, 282 P.3d 126 (2012), *review denied*, 176 Wn.2d 1006 (2013). "A proper argument stays within the bounds of the evidence and the instructions" given. *State v. Smiley*, 195 Wn. App. 185, 194, 379 P.3d 149, *review denied*, 186 Wn.2d 1031 (2016).

Here, during the State's rebuttal arguments, the prosecutor stated that all of the jurors "came in here with the same goal, and that's to do justice. There's not a person in this room who doesn't want to do justice. That's why you're here." 3 VRP at 348. Schipper objected and the trial court sustained. 3 VRP at 348. Despite the sustained objection, the prosecutor again stated, "All right. You're here to do justice." 3 VRP at 349. This drew another objection, which the trial court again sustained. 3 VRP at 349. At that point, the prosecutor clarified his previous statements by saying:

> Within the confines of the jury instructions, you're in a search to try to figure out what happened and how it applies to the jury instructions so you can come up with the right verdict. Everyone else is here to do the same thing. When you're doing that, it means that your fellow jurors have the same goal that you do. So in doing that, you'll have opinions about what you think you saw or heard from the witness stand, and so will your fellow jurors. If you have a difference of opinion, listen to what they have to say.

3 VRP at 349.

In the context of the entire argument, the prosecutor's statements about doing justice were not improper because they were made in the context of the jury instructions, explained what a just verdict would be in this case, and asked the jurors to listen to each other during deliberations. *See Dhaliwal*, 150 Wn.2d at 578. The prosecutor did not improperly appeal to the passions and prejudices of the jury. Therefore, we hold that the prosecutor did not commit misconduct.

7

D.      MISSTATING THE STATE'S BURDEN OF PROOF

Schipper argues that the prosecutor committed misconduct by trivializing the State's burden of proof. We hold that the prosecutor's statement was not improper.

Due process requires the State to prove every element of the charged crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Arguments that shift or misstate the State's burden to prove the defendant's guilt beyond a reasonable doubt constitute misconduct. *State v. Lindsay*, 180 Wn.2d 423, 434, 326 P.3d 125 (2014).

During the State's rebuttal argument, following the prosecutor's reading of the court's instruction on reasonable doubt, he stated that reasonable doubt is "a difficult concept. But let me suggest to you, if you believe something in your heart, in your gut, in your mind, you're there." 3 VRP at 351. Schipper objected and the trial court told the jury that it should follow the instructions. 3 VRP at 352. The prosecutor continued, arguing:

> You heard that from one person after another. You know now what he did. That does not mean he's necessarily guilty. You have to take those facts, those actions, and match them up to the jury instructions. If the State has proven each and every element beyond a reasonable doubt, then the verdict is guilty and that's basically the bottom, end-line result of how you reach a fair verdict.

3 VRP at 352.

Schipper argues that the statement trivialized the burden of proof. However, the prosecutor's argument was not improper considering the context of the State's entire argument and the jury instructions. The prosecutor's statements attempted to clarify the reasonable doubt standard and was made within the context of the jury instruction, as evidenced by the prosecutor's later statements about matching the facts up with the instructions. And while the argument may

have been overly simplistic, it was not improper. *See State v. Curtiss*, 161 Wn. App. 673, 702, 250 P.3d 496, *review denied*, 172 Wn.2d 1012 (2011). Thus, the prosecutor's brief argument to the jury about believing something "in your heart, in your gut, in your mind" did not amount to misconduct.[1] 3 VRP at 351.

## APPELLATE COSTS

Schipper requests that if we reject his arguments on appeal, we should deny the State's request for costs if made. We defer the determination of appellate costs to a commissioner of this court for consideration under RAP 14.2, if the State files a cost bill.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Bjorgen, C.J.

---

[1] Schipper also argues that the cumulative effect of the prosecutor's misconduct resulted in a level of prejudice warranting reversal. However, because we hold that the prosecutor did not commit any misconduct, this claim fails.