# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>KIM ROBERT DELAVERGNE,<br><br>                       Petitioner. | No. 53380-4-II<br><br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J. – Kim DeLavergne seeks relief from personal restraint resulting from two Pierce County Superior Court judgment and sentences for possession of a controlled substance and a string of robberies committed over 30 years ago.[1] He argues that under RCW 9.94A.760(5), the legal financial obligations imposed in those judgment and sentences are void because more than 10 years have passed since his release from total confinement for those offenses and the State did not renew the 10-year period. We agree and remand to the superior court to void DeLavergne's

---

[1] Cause numbers 88-1-02350-8 and 88-1-03432-1.

legal financial obligations and to enter certificates of discharge if it concludes that DeLavergne has completed all other sentencing requirements imposed in those judgment and sentences.

Legal financial obligations for offenses that occurred before July 2000 expire after 10 years unless the superior court renews them for an additional 10 years before the first 10-year period expires. *State v. Gossage*, 165 Wn.2d 1, 8, 195 P.3d 525 (2008). A superior court must issue a certificate of discharge once an offender satisfies all of their sentencing conditions and legal financial obligations. RCW 9.94A.637(1). If an offender has completed all sentencing requirements and the original 10-year period or renewal has expired, the superior court must issue a certificate of discharge. RCW 9.94.637(1); *Gossage*, 165 Wn.2d at 8.

DeLavergne was sentenced in 1988 for possession and 1989 for the robberies. The State concedes that DeLavergne committed his crimes before July 2000 and that the superior court did not extend the 10-year limitation period.[2] Thus, it concedes that under *Gossage* and *In re Personal Restraint of Spires*, 151 Wn. App. 236, 240-44, 211 P.3d 437 (2009), DeLavergne's legal financial obligations for those crimes are void. And it concedes that because those obligations are void, DeLavergne appears, under *Gossage*, to be entitled to certificates of discharge of the judgment and sentences for those crimes.

---

[2] The State correctly notes that DeLavergne should have filed motions in the superior court, rather than a personal restraint petition, to have his legal financial obligations declared void. But in the interests of judicial economy, we choose to remand his judgment and sentences rather than requiring DeLavergne to start new proceedings in the superior court.

No. 53380-4-II

We accept the State's concessions and remand to the superior court to declare DeLavergne's legal financial obligations void and to enter certificates of discharge if it concludes that DeLavergne has completed all other sentencing requirements imposed in the relevant judgment and sentences.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MELNICK, P.J.

CRUSER, J.