IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36915-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIPPE ANTWAN BAKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Phillippe Baker appeals from an order declining to waive his outstanding legal financial obligations (LFOs). We agree with the trial court that it still retains jurisdiction over the LFOs.

FACTS

Mr. Baker pleaded guilty in 2006 to a 2005 second degree unlawful possession of a firearm charge. His sentence included $700 in LFOs—a $500 crime victim's compensation penalty and $200 in court costs. Although he completed his other sentence conditions, he did not complete his LFO payments despite a series of enforcement actions.

In late 2017, Mr. Baker filed a declaration stating that his entire income consisted of Social Security disability and family assistance payments. The superior court suspended collection actions and required Mr. Baker to annually report his income to maintain the suspension. In the spring of 2019, he filed a motion for relief from the unpaid LFOs and sought a certificate of discharge, alleging that the court no longer had jurisdiction over his case and could not collect the LFOs because the judgment had never been extended.

The trial court initially granted relief, but reversed itself following the State's motion for reconsideration. Mr. Baker then appealed to this court. A panel considered his appeal without hearing oral argument.

ANALYSIS

The sole issue presented by this appeal is whether the court continued to have jurisdiction over Mr. Baker's case once ten years had passed. By reason of a statutory change effective in 2002, the answer is yes.

When addressing a question of pure statutory interpretation or the meaning of the constitution, an appellate court engages in de novo review. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004). The goal of statutory interpretation "is to discern and implement" legislative intent. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012). A court begins its inquiry into the determination of intent by looking at the plain meaning of the statute as expressed through the words themselves. *Tesoro Ref. &*

*Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 317, 190 P.3d 28 (2008). If the statute's meaning is plain on its face, the court applies the plain meaning. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). A provision is ambiguous if it is reasonably subject to multiple interpretations. *State v. Engel*, 166 Wn.2d 572, 579, 210 P.3d 1007 (2009). Only if the language is ambiguous does the court look to aids of construction, such as legislative history. *Armendariz*, at 110-111. If interpretation is necessary, the legislation "must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

The statute in question here is RCW 9.94A.760(5), which states in relevant part:

All other legal financial obligations for an offense committed on or after July 1, 2000, may be enforced at any time the offender remains under the court's jurisdiction. For an offense committed on or after July 1, 2000, the court shall retain jurisdiction over the offender, for purposes of the offender's compliance with payment of the legal financial obligations, until the obligation is completely satisfied, regardless of the statutory maximum for the crime.

The statute is unambiguous.

Mr. Baker likens his case to *State v. Gossage*, 165 Wn.2d 1, 195 P.3d 525 (2008). This case is not that one. There, more than ten years had passed since LFOs had been imposed. *Id*. at 4. The statute governing LFOs imposed prior to July 1, 2000, allowed the court one ten-year extension of the judgment. *Id*. at 7. If not extended, "the judgment expires and the LFOs are unenforceable." *Id*. Because no extension had taken place, the

3

LFOs imposed against Gossage were void and unenforceable, entitling him to a certificate of discharge. *Id*. at 8. The court also recognized that for post-July 1, 2000 offenses, the judgment existed for the life of the offender or until the LFOs were paid.[1] *Id*.

The plain language of the statute takes Baker's case outside of Gossage's case. Mr. Baker committed his offense after July 1, 2002, while Mr. Gossage committed his crimes a decade before that date. The trial court correctly concluded on reconsideration that *Gossage* was inapplicable to this case.

Nonetheless, Mr. Baker insists that his judgment expired because it was not extended within ten years. He relies on the execution statute, RCW 6.17.020, which permits a judgment to be extended for ten additional years. In 2002, the statute was expressly made applicable to criminal restitution and LFOs. RCW 6.17.020(4). Because the judgment against him was never extended under this statute, he argues that he is in the same position as Mr. Gossage.

His argument confuses a judgment with a judgement lien. *See generally, Kruger v. Tippett*, 155 Wn. App. 216, 223-226, 229 P.3d 866 (2010). The two are not the same. *Id*. at 225-226 (citing authority); *Sherron Assoc. Loan Fund V v. Saucier*, 157 Wn. App.

---

[1] *Gossage* discussed the legislative weighing of policy considerations behind enforcing LFO payments to victims and the recognition that a limited period allowed defendants to ignore their obligations, along with the legislative determination to make the extension of trial court jurisdiction applicable only to future criminal judgments. 165 Wn.2d at 8.

357, 363, 237 P.3d 338 (2010) (judgment exists until vacated; existence does not depend on enforceability). A judgment automatically creates a lien that exists for ten years. RCW 4.56.190. That statute allows the lien to be extended for ten years in accordance with RCW 6.17.020. A judgment lien becomes unenforceable after it expires. RCW 4.56.210. However, a criminal judgement for a crime committed after July 1, 2000 creates a lien that exists until it is satisfied. RCW 4.56.190.

The last observation defeats Mr. Baker's lien argument. RCW 6.17.020 concerns the enforcement of judgment liens, not the extension of judgments. And RCW 9.94A.760(5) defeats Mr. Baker's judgment argument. Criminal judgments no longer suffer the defect identified in *Gossage* and decay from mere passage of time. Instead, they remain in effect until satisfied and the lien is co-extensive with the judgment. RCW 9.94A.760(5); RCW 4.56.190.

The trial court properly concluded that it had jurisdiction over Mr. Baker's case because the judgment had not been satisfied. It is appropriate for the superior court to continue monitoring in accordance with the practices identified in *State v. Catling*, 2 Wn. App. 2d 819, 825-826, 413 P.3d 27 (2018), *aff'd* 193 Wn.2d 252, 438 P.3d 1174 (2019). If monitoring or other enforcement activity is to end, it will do because of change in

No. 36915-3-III
*State v. Baker*

legislative policy or fulfillment of the judgment.  *Gossage*, 165 Wn.2d at 8.[2]  The appeal

is without merit.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Melnick, J.

---

[2] It also appears that a motion for remission could remove the $200 in discretionary costs owed by Mr. Baker.  RCW 10.01.160(4).  Since he appears to have paid more than $500 over time, reassignment of those payments toward the crime victim penalty assessment may resolve Mr. Baker's case.