IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of The Personal Restraint of: | No. 82618-2-I |
| GREGORY JAMES SPENCER, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

PER CURIAM — Gregory Spencer was sentenced in Whatcom County Superior Court No. 98-1-00264-9 in 1999 and was released from confinement under that cause number in August or September 1999.  In this personal restraint petition, Spencer challenges legal financial obligations that the Whatcom County Clerk's Office still shows as outstanding in that cause number (LFOs).  He contends, and the State concedes, that the LFOs are no longer enforceable and, thus, void under RCW 9.94A.760(5).  See State v. Gossage, 165 Wn.2d 1, 8, 195 P.3d 525 (2008) (holding that LFOs, including restitution, for pre-July 2000 offenses "expire and become void after 10 years unless the superior court extends them for another 10 years prior to the expiration of the first period"); In re Pers. Restraint of Spires, 151 Wn. App. 236, 242, 211 P.3d 437 (2009) (holding that statute's reference to "release from total confinement" means the period of confinement for which a defendant was sentenced, not subsequent periods of confinement).  Accordingly, the State also concedes that an order finding the LFOs no longer enforceable and void is appropriate.

Citations and pin cites are based on the Westlaw online version of the cited material.

We accept the State's concession, grant Spencer's petition in part,[1] and remand to the superior court to enter an order declaring the LFOs unenforceable and void. We also direct the State to provide a copy of any order entered on remand, as well as a copy of the Certificate and Order of Discharge entered on April 16, 1999, to the Department of Corrections.

_____

_____

_____

---

[1] We deny Spencer's request that this court direct the Whatcom County Superior Court or clerk's office to notify "all relevant agencies" that the LFOs are unenforceable and void.