
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39124-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCO PEREZ GARNICA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — After completing the requirements of his judgment and sentence,
Marco Garnica filed a petition and motion for a certificate of discharge.  The court denied
his motion on the basis that he had prior outstanding legal financial obligations (LFOs).
Because the court no longer had jurisdiction to enforce the LFOs, the unpaid LFOs could
not prevent Garnica's discharge.  We reverse and remand.

BACKGROUND

Garnica pleaded guilty and was convicted of first degree manslaughter that
occurred on September 4, 1993.  On November 8, 1993 he was sentenced to 48 months of
imprisonment and 12 months of community placement.  In January 1994, the court
entered an order of restitution requiring Garnica to pay $7,500.00 in restitution.  In
January 2003, the court exercised its statutory discretion to enter an order extending

jurisdiction another 10 years, which was originally set to expire November 8, 2003.

Following this initial extension, no subsequent order extending jurisdiction was entered

beyond the current one that was set to expire November 8, 2013.

In 2022, Garnica filed a petition for a certificate and order of discharge in

accordance with RCW 9.94A.637. In his petition, he stated that he had completed all

judgment and sentence requirements. However, at a hearing for this petition, the State

argued that he had an outstanding LFO balance of $7,829.70 and therefore did not qualify

for discharge. The judge denied the motion on that basis, and Garnica now appeals.

ANALYSIS

An offender who has completed all the requirements of their judgment and

sentence, including LFOs, is entitled to a certificate of discharge. RCW 9.94A.637.

Here, the ability to collect on Garnica's LFOs expired in 2013. Garnica contends that he

is entitled to discharge because the court no longer has jurisdiction to enforce the LFOs.

We agree, accepting the State's concession, and remand for further proceedings.

Under certain circumstances, a defendant is entitled to discharge after they have

completed their sentence. Specifically, if a defendant has completed all the requirements

of their sentence, including LFOs, they shall be discharged and provided with a

certificate of discharge. RCW 9.94A.637(1). This discharge has the effect of restoring a

defendant's civil rights not already restored. RCW 9.94A.637(9).

RCW 9.94A.753(4) applies to Garnica's LFOs because his offense was committed prior to July 1, 2000. The statute provides that an offender "shall remain under the court's jurisdiction for a term of 10 years following the offender's release from total confinement or 10 years subsequent to the entry of the judgment and sentence, whichever period ends later." Prior to the expiration of the 10 years, the superior court "may extend jurisdiction under the criminal judgment an additional 10 years for payment of restitution." RCW 9.94A.753(4).

Garnica pleaded guilty and was sentenced to first degree manslaughter on November 8, 1993. An order imposing restitution in the amount of $7,500 was entered on January 31, 1994. On January 2, 2003, the court entered an order extending jurisdiction to enforce this judgment for an additional ten years, to November 8, 2013.

No further orders extending jurisdiction have been entered. Regardless, as the State points out, the statue does not provide for an extension beyond 20 years. *See* RCW 9.94A.753; *see also State v. Gossage*, 165 Wn.2d 1, 7, 195 P.3d 525 (2008) (holding that LFOs for pre-July 2000 offenses expire and become void after 10 years unless the superior court extends them for another 10 years prior to the expiration of the first period).

Under the discharge statute, the superior court is required to issue a certificate of discharge if an offender satisfies sentencing requirements and LFOs. RCW 9.94A.637.

No. 39124-8-III
*State v. Garnica*

Because Garnica satisfied his sentencing requirements and the court no longer has jurisdiction to enforce the unpaid LFOs, Garnica is entitled to a certificate of discharge.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Cooney, J.